# Baker, Admr. v. Mitchell *et al,*

*Bill in Equity by Distributees for Removal of Administration of Decedent's Estate into Chancery Court.*

1. *Administration of estate; jurisdiction of court of equity.*—Any distributee of the estate of a decedent may, at any time before the jurisdiction of the Probate Court to settle the administration has been put into exercise, and without assigning any reason therefor, on a bill filed for that purpose, have the administration of the estate removed from the Probate Court into a court of equity; and when the administration of an estate is removed into a court of equity for any purpose, that court must proceed to a final and complete settlement of

[Baker, Admr. v. Mitchell et al.]

all matters involved, including those pending and unfinished at the time of the removal from the Probate Court.

2. *Same; bill for removal of administration into court of equity; statute prohibiting suits against administrator for six months.*—A bill in equity by a distributee for the removal into a court of equity of the administration of the estate of the decedent is not within the provision of the statute (Code, § 2263) prohibiting the commencement of suits against executors or administrators, as such, until six months after the grant of letter testamentary or of administration.

3. *Same; administration may be removed into court of equity though estate is not ready for settlement.*—A bill in equity for the removal of the administration of the estate of a decedent into a court of equity may be filed by a distributee before the expiration of the eighteen months from the grant of letters which must elapse before a final settlement can be compelled. (Code, § 2134).

4. *Same; multifariousness.*—The fact that a bill in equity filed by a distributee for the removal of the administration of the estate of the decedent into a court of equity seeks to have the administrator, who was a co-partner with the decedent in his lifetime in the mercantile business, come to a settlement of the partnership busines of said firm, and also seeks to require him to disclose his interest in certain land alleged to belong to the estate, but which he pretends to own,—does not render the bill multifarious.

5. *Same; practice on removal of administration into court of equity.*—Where the administration of the estate of a decedent is removed into a court of equity, on a bill filed for that purpose by a distributee, the proceedings will be properly adjusted to all matters appertaining rightfully to the administration, without reference to any insufficiencies in the allegations of the bill in reference to such matters.

APPEAL from the City Court of Talladega.

Heard before the Hon. JOHN W. BISHOP.

This is an appeal from a decree overruling demurrers to a bill in equity and a motion to dismiss said bill for want of equity. The opinion describes the bill, and indicates the grounds of objection to it suggested by the demurrers.

WHITSON & GRAHAM, and KNOX, BOWIE & DIXON, for appellants.—The bill does not state a case for coercive distribution, and was prematurely filed.—*Jackson v. Rowell*, 87 Ala. 685 ; *Carroll v. Richardson*, 87 Ala. 605 ; *Acklen v. Goodman*, 77 Ala. 521 ; *Wood v. Wood*, 90 Ala. 81 ; Code, § 2134.

The administrator being a necessary defendant, the bill cannot be maintained, having been filed within six

months from the time of his appointment—Code, §
2263 ; *Wood v. Wood,* 90 Ala. 81 ; *Espy v. Comer,* 76 Ala
501 ; *Hood, Admr. v.·League,* 102 Ala. 228 ; *Torrey v.
Bishop,* 16 So. Rep. 422.

The bill is multifarious.—*Seals v. Pheiffer,* 77 Ala.
281 ; *Bullock v. Knox,* 96 Ala. 195 ; *McEvoy v. Leanard,* 89
Ala. 455 ; *Harland v. Person,* 93 Ala. 273.

BROWNE & DRYER, *contra,* cited *McNeil v McNeil,* 36 Ala.
109; *Teague v. Corbitt,* 57 Ala. 118; *Shackleford v. Bank-
head,* 72 Ala. 476 ; *Ligon v. Ligon,* 17 So. Rep. 89 ; *Talia-
ferro v. Browne,* 11 Ala. 702 ; *Key v. Jones,* 52 Ala. 238 ;
*Tygh v. Dolan,* 95 Ala. 269 ; *Bromberg v. Bates,* 98 Ala.
621.

HARALSON, J.—The bill in this case was filed by
two of the children and distributees of the estate of their
father, Wm. Baker, to remove the administration of his
estate from the probate into the chancery court. It was
filed against the administrator, as such, and against him
as an individual, because he was an heir and distributee
also, and against Annie E. Baker, the widow of de-
ceased, and the other children of said Baker, who, with
complainants, are alleged to be all of the heirs at law
and distributees of said estate.

These complainants, as we have often held in like
cases, had the unquestionable right·to file the bill for
such purpose, without assigning any reasons therefor.
At their request, on bill filed *at any time* for the purpose,
—nothing having occurred in the probate court to pre-
clude the jurisdiction of the equity court,—that court
had the authority to remove the administration of the
estate from the probate into its own jurisdiction, pre-
cluding, thereafter, any proceeding in the probate court
in aid of such administration. The authority of the
equity court became, by the order of removal, exclusive.
The court took the estate in the condition it was in at
the time it left the probate court, and, following its own
practice, will govern itself in its proceedings, for all the
purposes of a full and complete administration, settle-
ment and distribution of the assets, by the laws which
are applicable to the administration of estates in the
probate court   *McNeil v. McNeil,* 36 Ala. 109 ; *Teague v.
Corbett,* 57 Ala. 537 ; *Bragg v. Beers,* 71 Ala. 153 ; *Sharpe*

*v. Sharpe*, 76 Ala. 317 ; *Ligon v. Ligon*, 105 Ala. 460. An-
other principle, equally as well understood, is, that the
administration and settlement of a decedent's estate is a
single and continuous proceeding, and when removed
into equity for one purpose, the court must proceed to a
final and complete settlement of all matters involved,
including those pending and unfinished at the time of
its removal from the probate court ; for there can be no
splitting up of an administration, any more than of any
other cause of action. "It is one proceeding through-
out, in a sense, and the court having paramount juris-
diction must proceed to a final and complete settlement."
*Blakey v. Blakey*, 9 Ala. 391 ; *Dement v. Dement*, 13 Ala.
140 ; *Tygh v. Dolan*, 95 Ala. 269.

It is objected on demurrer that the bill is filed in less
than six months after the grant of letters of administra-
tion, which is prohibited by statute.—Code, § 2263,—
and before the expiration of eighteen months from the
grant of letters, prior to which time a final settlement
cannot be compelled. Code, § 2134. As to the first ob-
jection, all that is necessary to say is that this suit does
not fall within the provisions of the section of the Code
referred to. To come within its provisions, it must be
against the personal representative as such, and seek to
fasten or establish a liability upon or against the prop-
erty of the decedent, which is not the character of the
suit in hand. *Bank v. Glass*, 82 Ala. 278 ; *Torrey v.
Bishop*, 104 Ala. 548. And as to the second objection,
it is sufficient to suggest that this is not a suit to bring
the administration to a settlement, or, in other words,
to compel a settlement, there being no necessity for fur-
ther administration. When a bill seeks to compel a final
settlement of a decedent's estate, it must show that the
estate is ready for such a settlement. This bill makes
no such averment as this, but it proceeds on a different
theory, and shows that the estate is not ready to be set-
tled, and seeks to have it duly administered, and there-
after settled and properly distributed. The bill for these
purposes might have been filed *at any time* after the
grant of letters of administration, and before the expira-
tion of eighteen months from the grant of letters, as well
as after that time. The cases referred to by counsel, as
supporting their contention, fail them, as those cases re-
fer to bills to *compel* distribution.

[Baker, Admr. v. Mitchell *et al.*]

The objection that the bill,—in that it seeks to have the administrator, who was a copartner with the decedent in his life-time in the mercantile business, come to a settlement of the partnership business of said firm; and also seeks to require him to disclose his interest in 120 acres of land alleged to belong to the estate, but which he pretends to own,—is multifarious, is untenable. The complainants and the defendants have a common interest in the subject-matter of the suit; the object of the bill is single, and does not bring in different matters having no connection with each other, but every matter of administration relates to the one and same subject-matter,— the settlement of the administration and the distribution of the estate,—in which all the parties to the bill are jointly interested. This object cannot be accomplished without the settlement of said partnership; and the determination of the ownership of the land referred to is certainly a proper subject of adjudication in the administration. It scarcely needs citation of authorities in support of these well understood principles of equity practice.

What has been said disposes of the objections to the equity court exercising the authority to settle and determine the pending controversy in the probate court touching the widow's homestead and other exemptions. Such controversies all took their departure from the probate court when the equity court assumed jurisdiction, and are in the latter court, to be there taken up and proceeded with, in the condition in which they were pending in the probate court.

It is of no avail that the several matters referred to in the bill, which are to be settled in the course of administration, are not fully enough stated, or are stated, as is alleged, as mere conclusions. The pleader seems to have thrown them in, not as pleading, but by way of excuse for filing the bill; whereas, the complainants, being children of intestate, entitled to distribution in his estate, need not have assigned any reasons for seeking the aid of the equity court. Once in chancery, the proceedings will be properly adjusted to all matters appertaining rightfully to the administration, without reference to any of these alleged insufficient statements of the bill. They do not constitute ground for just com-

[Kansas City, Memphis & Birmingham Railroad Co. v. Whitehead.]

plaint by defendants, since they serve to give notice, in part at least, of what is required to be settled in the administration.

The bill need not have been sworn to, and therefore, there is nothing in the point that the affidavit to it was insufficient.

None of the many grounds of demurrer appear to have been well taken, and the decree overruling the same is affirmed.

Affirmed.