# Greenhood *v.* Greenhood.

*Bill in Equity to Remove Administration from Probate Court and for Accounting by Executrix.*

1.  *Executors and administrators; right to have estate administered in court of equity; who entitled to assert.*—Any person entitled to share in the distribution of an estate has the right to have the estate administered in a court of equity, without assigning any special equity for transferring the estate to that court.
2.  *Same; jurisdiction over administration of assets situated in two States.*—Where an executrix of an estate, situated partly in Mississippi and partly in Alabama, is appointed in each State without giving bond, and has converted into money all of the assets of the estate situate in Mississippi, and transferred the same to the county of Mobile, in this State, the courts of this State have jurisdiction over the settlement of the entire estate, including so much as was located in Mississippi.
3.  *Same; when executor may be charged with value of trust property converted.*—When an executor converts property belonging to his trust estate, and the property has been put beyond

[Greenhood v. Greenhood.]

the reach of recovery, the trustee may be charged by the *cestui que trust* with its value.

4 *Same; same.*—The executor or administrator holds the legal title to personal property of the estate, and he cannot avoid an illegal sale made of it by himself, and is liable for the proceeds as for a *devastavit.*

5. *Same; no reason need be assigned for removal of administration.*—A bill, filed by a distributee to remove the settlement of an estate into a court of chancery, need not state any reason for the removal, and such bill is not subject to demurrer because the right to surcharge or falsify an account is insufficiently averred.

APPEAL from Chancery Court of Mobile.
Heard before the Hon. THOS. H. SMITH.

The bill in this case was filed by the appellee against the appellant. The averments of the bill, necessary to an understanding of the decision, are sufficiently set forth in the opinion.

The purpose of the bill was to have the further administration of the estate of Morris Greenhood, deceased, removed into the chancery court of Mobile county, and to require the executrix to give bond.

The defendant, Helena Greenhood, demurred to certain portions of the bill, the grounds of which appear from the opinion. The court overruled the demurrer and the appellant prosecutes this appeal from that decree.

GREGORY L. & H. T. SMITH, for appellants.—The court of the domicil State has no jurisdiction over the administration of the assets situate in the State where an ancillary administration has been taken out, until a final settlement of the ancillary administration has been had in the State having jurisdiction over it.—*Worthy v. Lyons,* 18 Ala. 784; *Wright v. Phillips,* 56 Ala. 82; *Equitable Life Insurance Co. v. Vogel,* 76 Ala. 439; *Jefferson v. Beal et als.,* 117 Ala. 439.

On final settlement, all partial settlements are presumed to be correct.—Code of Ala. § 1782; *Benton v. Bailey,* 78 Ala. 406.

Upon a final settlement; the correctness of such partial settlements may be disproven; but, when one of the equities of the bill is made to rest upon a right to surcharge and falsify such settlement, then it would seem that the same particularity of allegation is necessary as is required in a bill to surcharge and falsify a stated account between individuals, and in such bill the errors must be specially and particularly pointed out, and general allegations of error are insufficient.—*Kilpatrick v. Henson,* 81 Ala. 465.

R. H. & N. R. CLARK, *contra.*—No brief came to the hands of the reporter.

DENSON, J.—The bill in this case was filed by Esther Greenhood, a child of Morris Greenhood, deceased, as one of the legatees under the will of deceased and a distributee of his estate. It was exhibited against Helena Greenhood, as an individual and as executrix of the last will and testament of said deceased, and against all the other legatees and devisees under said will and distributees of the estate of said deceased.

The purpose of the bill was to have the further administration of the estate of Morris Greenhood, deceased, removed into the chancery court of Mobile county, and to require the executrix to make bond.

It is the law of this State that any person, entitled to share in the distribution of an estate, has the right to have the estate administered in a court of equity without assigning any special equity for transferring the estate to such a court.—*Bromberg v. Bates,* 98 Ala. 621, and authorities there cited; *Ligon v. Ligon,* 105 Ala. 464; *Baker v. Mitchell,* 109 Ala. 490.

The bill shows that Morris Greenhood, on the 9th of August, 1886, was a resident citizen of Shubuta, in Clarke county, Mississippi; that he owned valuable personal and landed estates in Mississippi and in the city of Mobile, Alabama; that on said day, he made his last will and testament, in which he named Helena Greenhood as executrix without bond; that after the making of said will he moved to and became an inhabitant of the

city of Mobile, Alabama; that he died in the city of
Mobile, March 1st, 1891, leaving said will in full force.
That on the 26th day of March, 1891, on the application
of Helena Greenhood, the said will was regularly ad-
mitted to probate in the probate court of Mobile county,
Alabama, and letters testamentary were issued thereon
to Helena Greenhood, without bond.

It further appears that, before the first day of May,
1891, on the application of the said Helena Greenhood,
said will was duly admitted to probate in the chancery
court of Clarke county, Mississippi, a court of compe-
tent jurisdiction of such matters, and letters testamen-
tary were issued thereon by said court to Helena Green-
hood, without bond.

On the first day of May, 1892, the testatrix had con-
verted all of the property of the estate of her testator, in
the state of Mississippi, into money and transferred it to
Mobile county into the jurisdiction of the probate court
of that county.

It is averred that no settlement has been made by
said estate in the courts of Mississippi. It is further
averred in the bill that the said executrix, in violation
of the terms of the will and of complainant's rights un-
der the will, has appropriated and is appropriating all
the estate of her testator which she has lawfully convert-
ed into money,—as well as all the proceeds of property
which she had unlawfully sold,—to her own use and to
that of her children, Julius and Bertha.

The first point of attack made by the demurrer to the
bill is, that the chancery court at Mobile has no juris-
diction over the settlement of the administration of so
much of the estate as was located in the state of Miss-
issippi. The argument is, that "All of the property of
the decedent, though situate in several States, consti-
tutes but one estate; but the several administrations in
different jurisdictions are separate and distinct, and the
court of the domicil State has no jurisdiction over the
administration of the assets situate in the State where
an ancillary administration has been taken out, until
a final settlement of the ancillary administration has
been had in the State having jurisdiction over it."

[Greenhood v. Greenhood.]

The appellants seem to have lost sight of the facts that the executrix of the estate in Mississippi and in Alabama is one and the same person; that she was appointed in each State without bond, and that the bill shows that the executrix had converted all of the assets belonging to the testator, situate in the state of Mississippi, into money and had transferred the same to the county of Mobile in the State of Alabama. In their brief appellant's counsel have cited the case of *Worthy v. Lyon*, 18 Ala. 784, in support of their contention. In the case of *Colbert v. Daniel*, 32 Ala. 314, the question raised by this demurrer was considered. We quote what the Court there said: "We cannot assent to the proposition, that a legatee cannot sue in this State an executor, for an account and settlement of his administration and recovery of the legacy, when the executor has removed to and become domiciled in this State without having made a settlement in the State in which the administration was pending. We admit, that there is authority which sustains that proposition.—See Story's Conflict of Laws, § 513, 514. The question did not arise in the case of *Worthy v. Lyon*, 18 Ala. 784, for the executors in that case did not reside in the State of Alabama. One of them resided in Georgia, where the letters of administration were granted. We are not sure that the Court in that case intended to go beyond the question arising, and intimate by a *dictum* that the chancery court would have no jurisdiction; but, if it had done so, we should not hesitate to depart from such a doctrine. We think that, to hold that the court has no jurisdiction in this case might produce a total failure of justice. The representative, being resident in this State, cannot be reached by a judicial proceeding in the State from which he came. If he have sureties in the State of the administration, it must be conceded that proceedings might be had against them. But then there may be cases where there are no sureties; the sureties may be insolvent, or may have removed to another State; and a discovery from the representative of the estate may be indispensable. Besides, no adequate reason can be perceived, if there are solvent sureties who could be reached in the State of the ad-

ministration, why the person. having an equitable right to an account against an executor or administrator, should be compelled to forego it, because the executor or administrator had changed his domicile to another side of the State line. This view of the question is fully sustained by the following authorities:—*McNamara v. Dywer,* 7 Paige's Ch. R. 239; *Tunstall v. Pollard,* 11 Leigh, 1."

"This question is left undecided in *Calhoun v. King,* 5 Ala. 523. The precise point was not decided in *Julian v. Reynolds.* 8 Ala. 680, but we think the effect of that case is to sustain the principle asserted by us.—See, also, *Williamson v. Branch Bank,* 7 Ala. 906."

The other cases cited by appellant's counsel do not support the position raised by the demurrer. The facts of the case in hand clearly differentiate it from those cases. It seems to us that the facts alleged in the bill bring the case directly within the influence of the case of *Colbert v. Daniel, supra;* and the ground of demurrer under consideration was not well taken.

The bill alleges that the decedent died intestate as to his personal property situate in Mobile county, and that the executrix has sold and disposed of such personal property without any order of court, and that all such sales were void; that much of the property so sold, has been put beyond the reach of recovery by or for the parties interested therein, and is wholly lost to said estate, and that for all such property said executrix should be held to account as for an unlawful conversion thereof.

When an executor converts property belonging to his trust estate, it is unquestionably true that the *cestui que trust* may elect to sue for the property and recover it, or ratify the illegal disposition of the property and charge the executor with its value. But it would seem that this doctrine of election would have no field of operation if the property had been put beyond the reach of recovery. In such a case the only remedy left to the *cestui que trust* would be to charge the trustee. Furthermore, an executor or administrator holds the legal title to personal property of the estate and he cannot avoid an illegal sale made of it by himself; he would be liable for the proceeds, or for a *devastavit.—Woods v.*

*Legg,* 91 Ala. 511. The averments of the bill, in respect to this matter, exempt it from the application of the doctrine invoked by the demurrer.

The demurrer to that part of the bill relating to the partial settlement made by the executrix was without merit. The equity of the bill does not rest upon the right to surcharge or falsify the partial settlement. As was said in *Baker v. Mitchell,* 109 Ala. 494: "It is of no avail that the several matters referred to in the bill, which are to be settled in the course of administration, are not fully enough stated. The complainant being a distributee of the estate need not have assigned any reason for seeking the aid of the equity court. Once in chancery, the proceedings will be properly adjudicated to all matters appertaining rightfully to the administration, without reference to any alleged insufficient statements of the bill. They do not constitute ground for just complaint by defendants, since they serve to give notice, in part at least, of what is required to be settled in the administration."

We have given consideration to all the assignments of error, and having found no error in the record the decree of the chancery court overruling the demurrer to the bill is affirmed.

Affirmed.

McCLELLAN, C. J., HARALSON and DOWDELL, J.J., concurring.