# St. John, *et al. v.* St. John.

*Bill to Remove Administration from Probate to Chancery Court.*

(Decided April 11, 1907.    43 So. Rep. 580.)

1. *Executors and Administrators; Administration of Estate; Jurisdiction of Courts.*—Section 331, Code 1896, has reference to actions to fix liability upon estates, and not to the removal of

the estate from the probate to the Chancery court and where the probate court has taken no jurisdiction of the estate to make a final settlement thereof a beneficiary under the will, may, within six months after the administration and without assigning any reasons therefor file a bill for the removal of the estate from the probate to the chancery court.

2. *Same; Bill.*—A bill which alleges that the complainant agrees to the provisions of the will and that the administrator qualified a month prior to the filing of the bill, and praying for the removal of the administration of the estate from the probate to the chancery court and for a sale of the devised realty for distribution does not invoke the court's action for a sale of the realty independent of the orderly administration of the estate but in the due course of administration, and it further appearing therefrom that there is sufficient personalty to settle the debts of the estate such bill is not subject to demurrer and is sufficient to authorize the relief prayed.

APPEAL from the Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Samuel St. John against Thomas St. John, individually and as trustee for Randolph St. John and others, and another. From a decree overruling a demurrer to the bill, defendants appeal. Affirmed.

The bill sets forth the ages and residences of each defendant, together with their relation to the estate, attaches as an exhibit to the bill the will of the decedent, alleges that the complainant agrees and consents to all the provisions of the will, seeks to have the administration of the estate removed from the probate to the chancery court, and asks for a sale of certain real estate therein described for distribution among the joint owners according to the provisions of the will, upon the alleged grounds that it cannot be equitably divided according to the said provisions without a sale thereof.

BESTOR, BESTOR & YOUNG, for appellant.—The bill was prematurely filed.—Sec. 331, Code 1896. The rule is general that a bill should not join separate and independent matters.—14 Ency. P. & P. 199; *Lehman v. Meyer*, 67 Ala. 396; *Judkins v. Lovelace*, 72 Ala. 303 By joining Lula St. John Smith and John W. Murrell

as parties defendant there was a misjoinder.—14 Ency.
P. & P. 200; *Bolling v. Vandiver,* 91 Ala. 375. An exec-
utor has authority to intercept the descent of land from
the testator to the devises for the purpose of selling for
payment of debts and for distribution.—*Sullivan r.
Rabb,* 86 Ala. 438; *Calhoun v. Fletcher,* 63 Ala. 580.

ANDERSON & CHAMBERLAIN, for appellee.—The heir
of an estate may appeal to a court of equity for removal
of the estate from the probate to the chancery court un-
less the jurisdiction of the probate court has attached
for the purpose of a final settlement.—*Warring v. Lew-
is,* 53 Ala. 615; *Bragg v. Beers,* 71 Ala. 151; *Teague v.
Corbett,* 57 Ala. 529; *Bromberg v. Bates,* 112 Ala. 363.
When a court of equity takes jursdiction of an estate it
will decree a sale of lands when necessary or in a case
where the probate court will have jurisdiction to order
a sale.—*Sharpe v. Sharpe,* 76 Ala. 312; *Tygh v. Dolan,*
95 Ala. 269. Having taken jurisdiction for one purpose
a chancery court will take it for all purposes.—*Dement
v. Boggess,* 13 Ala. 140; *Tygh v. Dolan, supra; Ligon v.
Ligon,* 105 Ala. 460.

McCLELLAN, J.—This bill was filed by a legatee and
devisee under the will of testatrix against other legatees
and devisees and the executor of the last will and testa-
ment of the testatrix, and prays the removal of the ad-
ministratrix, and prays the removal of the administra-
tion from the probate into the chancery court and the
sale of certain devised realty for the purpose of distri-
bution among those entitled. It appears from the bill
that the executor qualified as such on May 28, 1906, and
this bill was filed June 1, 1906. There had, of course,
been no assumption by the probate court of jurisdiction
to final settlement of the administration. It further ap-
pears that the personalty is ample to satisfy the indebt-
edness of the estate. It has been repeatedly declared by
this court that the heir, distributee, legatee, or devisee
may, at any time before the probate court has taken
steps for or entered upon the final settlement of the es-
tate, invoke the concurrent jurisdiction of the chancery

court over administration of estates, and that without assigning any other or special reason therefor.—*Baker v. Mitchell*, 109 Ala. 490, 20 South. 40; *Teague v. Corbitt*, 57 Ala. 537; 3 May. Dig. p. 235. And to a bill filed to this end it is the general rule, to which this cause presents no exception, that all persons interested in the estate in any manner are necessary parties thereto.—*Teague v. Corbitt, supra.*

The proceeding, in either of these courts, to administer an estate, is usually an entirety, and should not be dissevered. Jurisdiction, adequate and adapted, should, as it will, progress to final settlement of the administration and the adjustment of the relative rights of the parties; so that, though some of the defendants here may be without interest in the realty involved, yet they have rights in other phases of the administration and other properties of the estate, and are properly brought in, that these rights may be established and enforced in one cause.—*Teague v. Corbitt, supra.*

Section 331 of the Code of 1896 does not relate to bills filed for the removal of estates from probate to chancery court. The prohibition therein expressed is opposed to actions instituted for the purpose of fixing liabilities on or against the estate. The point had been directly decided in *Baker v. Mitchell, supra.*

We do not construe the bill as seeking a sale of the realty in question, independent of the orderly administration of the estate, but as invoking the courts' action to that end in due course of administration. The demurrers were therefore properly overruled, and the decree appealed from is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.