# Siglin, *et al. v.* Smith, *et al.*

## *Bill for the Settlement of an Estate.*

(Decided July 6, 1910. 53 South. 260.)

*Equity; Bill; Supplemental Bill; Multifariousness.*—Where the original and amended bill, filed by the mother of intestate for a removal of his estate from the probate to the chancery court sought to have the estate administered, and the rights of the alleged heirs determined by the chancery court, the filing of a supplemental bill alleging that the intestate's alleged widow had procured a conveyance from intestate's mother to her interest in the

[Siglin, et al. v. Smith, et al.]

estate, and praying that the deed be cancelled and making the widow and her children parties to the cause, rendered the bill multifarious both as to cause of action and as to parties.

APPEAL from Cherokee Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Elizabeth Smith and others against William Siglin and others, for the administration of an estate by the chancery court. Decree for complainants and respondents appeal. Reversed and remanded.

KNOX, ACKER, DIXON & BLACKMON, and HUGH H. WHITE, for appellant. Multifariousness is of three kinds.—1 Dan. Ch. Pr. 384, et seq.; Sims Ch. Pr. 231-4. The bill in this case violates the second rule against multifariousness in joining James Smith and Susy Mullineaux, with Mrs. Elizabeth Smith, and also presents the third kind in that these two parties have no interest whatever in setting aside the conveyance between Elizabeth and Alice Smith.—*Seals v. Phifer*, 77 Ala. 278; *Colburn v. Broughton*, 9 Ala. 351; *McIntosh v. Alexander*, 16 Ala. 87; *Prickett v. Prickett*, 147 Ala. 494; *Am. R. F. Co. v. Lynn*, 93 Ala. 610; *Tutwiler v. Tuscaloosa Co.*, 89 Ala. 292; *Page v. Bartlett*, 101 Ala. 203; *Bazor v. Adams*, 80 Ala. 239; *Kennedy v. Kennedy*, 72 Ala. 573. Counsel also discuss the bearing that section 3095, Code 1907, has on the case at bar.

HUGH REID, CONNOR & LUMPKIN, and C. DANIEL, for appellee. Supplemental bill was the only proper way to bring in this new matter.—*Ballinger v. Burke*, 21 Ala. 765; *Collins v. Lovenberger Co.*, 19 Ala. 682; *Walker v. Hallett*, 1 Ala. 379; 16 Cyc. 357. Where interests are transferred pendente lite new parties may be brought in by supplemental bill.—16 Cyc. 358-9-61. There was no misjoinder of parties complainant.—*M.*

& M. R. R. Co. v. Hallman, 15 Ala. 472; Owen v. Grimsby, 44 Ala. 359; 16 Cyc. 248, et seq. There was no misjoinder of parties defendant.—Truss, et al. v. Miller, 116 Ala. 494; C. C. Groc. Co. v. Flynn, 121 Ala. 292; Reddick v. Long, 124 Ala. 260; Guyton v. Terrell, 132 Ala. 66; Wedgeworth v. Wedgeworth, 84 Ala. 274. See also in this same connection.—16 Cyc. 251, 252-3. The supplemental and original bills related to the same subject matter, and were not, therefore multifarious.— Sec. 3095, Code 1907; G. P. Ry. Co. v. Bullock, 66 Miss. 582; 16 Cyc. 240-3.

McCLELLAN, J.—William A. Smith died August 16, 1908. Subsequently William Siglin qualified as administrator of his estate. After the first amendment, the original bill in this cause made a case for the removal of the administration of the estate from the probate into the chancery court. It was first filed by Elizabeth Smith, the mother of intestate, who was alleged to be an heir of the intestate, and later two other collateral heirs were transposed from parties defendant to parties complainant. The parties defendant were the brothers and sisters and neices and nephews of intestate, comprising, it was alleged, with the mother, all his heirs, and Siglin, the administrator. A supplemental bill, amending the original bill, was filed, in which Alice Jordan (or Smith) and 10 children borne by her while cohabiting with intestate were made parties to the cause. The bill, after all amending, invoked the court's power to declare a nullity, and to cancel, on the ground of fraud, etc., so far as the purported grantor was concerned, a certain deed purporting to have been executed by Elizabeth Smith with others after the original bill was filed to Alice Smith (Jordan) and her 10 children mentioned, conveying to them all the right, title,

and interest of Elizabeth Smith in or to the estate of William A. Smith, deceased.

The contention for appellants, tending to error in the decree below, is that there was after all amendments were made a misjoinder of parties complainant, a misjoinder of parties defendant, a departure, and multifariousness. The discussion in brief for appellant deals with the general question of multifariousness, involving an application of the reasoning and authorities to support that insistence to the specific matters of objection enumerated. It is evident from the amended bill that the determining factor, as respects the heirship of Elizabeth Smith and of the sisters, brothers, and neices of intestate, is whether Alice Smith (Jordan) is the surviving widow of intestate; and, if so, the 10 children of intestate by her are intestate's heirs, thereby, of course, excluding Elizabeth Smith and the collateral kindred from the right of inheritance under our statute of descent and distribution. That is an issue of fact with which we are not now concerned.

Justices Anderson, Mayfield, Sayre, and Evans hold that the bill was rendered multifarious, and subject to demurrer therefor by virtue of the amendment made by the filing of the supplemental bill; that that pleading introduced matter foreign to the original bill and brought in parties to the original bill, who were in no wise interested in the administration of the estate, and who were not proper parties to the bill as originally filed.

Speaking for the writer, in dissent from the prevailing view stated, the major, general purpose of the original bill was to administer the estate of the intestate. That purpose comprehended the ascertainment of those entitled to share in the estate, and to what proportions.

The jurisdiction of equity was, of course, adapted, under familiar principles, to effect the ultimate object, and within it to control and command the personal representative in the performance of his duties in the premises. That two others alleged to be heirs, were transposed as parties to the cause did not—could not—alter the status. The bill still retained the character and general purpose indicated. While the case so stood, one of the complainants, it is alleged in the supplemental bill (amending the original bill), was fraudulently induced to execute a conveyance whereby her entire interest in the estate sought to be administered was divested. With us the administration of an estate in equity is in a general sense one "single" cause of action. —*Tygh v. Dolan,* 95 Ala. 269, 10 South. 837; *Baker v. Mitchell,* 109 Ala. 490, 493, 20 South. 40; Sims' Ch. Prac. §§ 422, 661. The administration of an estate cannot at the same time pend in part in both the chancery and probate courts. The warranted assumption of jurisdiction of the former court of an administration pending in the probate court deprives the latter court of jurisdiction, for the one cause of action cannot be split up.—Authorities, supra. Nor is a bill by an heir seeking the administration of an estate in equity, its removal thereto from the probate court, a proceeding within Code 1907, § 2803, prohibiting suits against executors and administrators as such before the expiration of six months after grant of letters of testamentary or of administration.—*Ala. State Bank v. Glass,* 82 Ala. 278, 2 South. 641; *Torrey v. Bishop,* 104 Ala. 548, 16 South. 422; *Baker v. Mitchell, supra; St. John v. St. John,* 150 Ala. 237, 43 South. 580.

The jurisdiction of equity in the administration of estates of decedents originally grew out of, and is based upon, the idea that an express trust exists for the bene-

fit of those interested in the estate.—1 Pom. Eq. § 156.
The subject-matter of the original proceeding was the
administration of the estate—the single cause of action.
The effect of the conveyance assailed as fraudulent and
void was to divest, pending the exercise by the court of
its jurisdiction, all the interest of one of the complain-
ants in the subject-matter of the proceeding.　To avoid
such a conveyance is a step in the orderly administra-
tion of the estate—a step to be taken in order that the
powers of the court having jurisdiction for the purpose
of administration may be exerted to conserve and en-
force the rights of those in fact entitled to share in the
estate.　To determine who is so entitled is of the very
essence of complete administration; and in so ascertain-
ing the validity of a conveyance whereby others than
the heir may be invested with the heir's right or inter-
terest should be tested and decided, to the end that,
conformable to equity's familiar thoroughness, full re-
lief and full adjudication may be had in the one proceed-
ing.—*Johnson v. Smith,* 70 Ala. 108; 16 Cyc. p. 106 et
seq., and notes; pages 244-245, and notes.　The bill was
not, in my opinion, rendered multifarious, and so inde-
pendent of the statute (Code; § 3095), by the supple-
mental bill or the other amendments.　For like rea-
sons, the supplemental bill wrought no departure. That
character of pleading, under the facts averred therein,
was properly employed in this instance.—16 Cyc. pp.
357-359, and notes.

The objections for misjoinder of parties complainant
and defendant were not in my opinion tenable.　All of
the parties to the cause bore relation to the subject-
matter thereof.　Whether Alice Smith (Jordan) and
her childern had an interest depended upon their law-
ful relation to the intestate; and, if not so related to
him, then their interest depended upon the validity of

the conveyance Elizabeth Smith assails. That each party's interest in the estate was not co-equal, was not identical, or was not dependent upon the same state of fact or law, could not avail to render their joinder, on either side of the line improper. Misjoinder is avoided if all parties to the cause have an immediate interest in the administration of the estate in some of its features. —*Truss v. Miller*, 116 Ala. 494, 505, 22 South. 863; *Christian & Craft Co. v. Kling*, 121 Ala. 292, 25 South. 629; 16 Cyc. pp. 248-251.

The chancellor took the view that there was no misjoinder of parties complainant or defendant, no departure wrought by the supplemental bill, and no multifariousness resulting from the introduction of the supplemental bill; and hence overruled the demurrer. The writer concurs in the chancellor's conclusion and would affirm the decree appealed from. However, the majority of the court find error in the particulars indicated; and so reverse the decree, and remand the cause.

Reversed and remanded.

McCLELLAN, J., dissenting.