# Wilks, *et al. v.* Wilks.

### Bill to Annul Conveyance and to Remove Administration to Chancery Court.

#### (Decided February 17, 1912.　57 South. 776.)

1. *Equity; Pleading; Multifariousness; Joint Interest.*—The bill considered and it is held that all the parties were interested in the administration, and that the quantum of their respective interests was affected by the conveyance, and that the administrator was affected in both his personal rights and representative capacity, and that the bill was not multifarious.

2. *Equity; Prayer; Demurrer.*—Where a bill is sufficient in other respects and contains a proper prayer, it is not demurrable because of a prayer for further but unwarranted relief.

3. *Fraud; Misrepresentation; Reliance.*—Where statements are made of facts concerning matters which may be assumed to be within the knowledge of the party making them, the party to whom they are made has a right to rely upon them without making inquiry for himself in the absence of knowledge on his part which should arouse suspicion.

4. *Cancellation of Instrument; Pleading; Offer to Restore Consideration.*—A bill for the cancellation of a deed on account of fraud offering to refund the consideration to the grantees, or to such of them as the court may decree entitled thereto, or to allow the same to be credited on plaintiff's distributive share of the estate as widow, without paying or tendering the money into court, or offering to pay interest, is a sufficient offer of restoration, as the interest may be considered as a mere incident to the principal sum, and will be deemed covered by the offer to refund.

5. *Pleading; Matters of Evidence.*—Where the action was by a widow against her children to set aside a deed executed by her to them which she claimed was induced by the fraudulent representation of defendants as to the value of the estate, allegations in the bill that decedent was interested in several partnerships at the time of his death, were proper as serving to inform defendant in part of the nature of the evidence to be met, although relating to matters of evidence, and where the bill was not unduly encumbered by such averment, it was not thereby rendered subject to demurrer.

6. *Costs; Trust Property; Statutory Provision.*—A widow claiming an interest in an estate of her deceased husband filing a bill to set aside a conveyance by her to defendants and her other children on the ground that it had been procured by a fraudulent misrepresentation, said bill being filed after a son had been appointed administrator, and had filed his inventory and an appraisement of the estate, was not entitled to attorney's fees out of the trust funds, as section 3010, Code 1907, was not intended to authorize cestuis que trustent,

or parties claiming to be such, to employ at the expense of the trust attorneys for the litigation among themselves of adversary claims as to their respective interest therein; hence, the court was not authorized to award such a fee to complainant's attorney out of the trust fund.

APPEAL from Covington Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Mrs. Bobbie C. Wilks against John R. Wilks in his individual and representative capacity, and others, to cancel and annul a conveyance and to remove an administration from the probate to the chancery court. From a decree overruling demurrer to the bill respondents appeal. Affirmed.

REID & PRESTWOOD, and W. L. PARKS, for appellant. Expression of an opinion of a party to a trade does not amount to a fraud.—*Ritter v. Hanover,* 138 Ala. 215; 6 Mayf. 450; 26 Am. Rep. 677. Fraud is not presumed when the facts from which it is supposed to arise are consistent with honest intention.—*Allen v. Ritter,* 141 Ala. 621. The bill does not sufficiently allege an offer to restore, as it failed to offer to pay interest.—*Hamby v. Southern H. B. L. Assn.,* 140 Ala. 245; *Grider v. Mtg. Co.,* 99 Ala. 281; *New England Mtg. Co. v. Powell,* 97 Ala. 483; *Lufborn v. Foster,* 92 Ala. 477; *Mortgage Co. v. Sewell,* 92 Ala. 163; 6 Pom. 688. Complainant was not entitled to counsel fees as a charge against the trust funds.—*Foster v. Foster,* 126 Ala. 257; *Jordan v. Farrior,* 130 Ala. 428; *Ward's Case,* 108 Ala. 85; *Niblett v. Niblett,* 12 South. 598; 3 A. & E. Enc. of Law, 453; Sec. 3010, Code 1907. Counsel insist, without citation of authority, that having parted with her interest in the estate for a valuable consideration, she was without right to maintain a bill for removal of the estate, and that the proper course to pursue, if she was entitled to any relief, was to have the

conveyance annulled and set aside, and then to assert her rights in the estate. They insist that this makes the bill multifarious in praying for inconsistent relief. They further insist that a number of parties respondent were not interested in one feature of the bill, and were therefore improperly joined, and that this was not remedied by the fact that they were distributees, since the administrator properly represented the estate.

POWELL, ALBRITTON & ALBRITTON, and FOSTER, SAMFORD & CARROLL, for appellee. Being the widow, and therefore, a distributee of the estate, plaintiff properly filed the bill for removal, as the probate court had not gone further than the appointment of an administrator, and the filing of an appraisement—*Baker v. Mitchell,* 109 Ala. 490; *Hardwick v. Hardwick,* 164 Ala. 391. Having obtained jurisdiction for one purpose, chancery will proceed to do complete justice, and make a complete settlement of all matters involved.—*Whaly v. Wilson,* 112 Ala. 627; *Kilgore v. Kilgore,* 103 Ala. 614; *Booth v. Foster,* 111 Ala. 312; *Tigh v. Dolan,* 95 Ala. 269. The bill, therefore, was not multifarious.—Sec. 3095, Code 1907. The bill sufficiently avers such fraud as will authorize the annulment of the conveyance.—*Martin v. Martin,* 35 Ala. 360; *Perry v. Boyd,* 126 Ala. 169. On these authorities, it must be held that the offer to refund was sufficient. Complainant was not required to pay the money into court until she had been protected by a proper deed of reconveyance, or by a decree of the court.—*Jesse French P. & O. Co. v. Bradley,* 138 Ala. 180; *Eagan Co. v. Johnson,* 82 Ala. 238. Complainant was entitled to solicitor's fees out of the trust fund. —Sec. 3010, Code 1907. The bill properly contained averments that decedent was interested in several partnerships at the time of his death.—*Baker v. Mitchell,* *supra.*

SAYRE, J.—After the administrator, defendant John R. Wilks, had filed his inventory and an appraisement of the estate of his intestate, but before any further steps had been taken for the administration of the estate, appellee, widow of the deceased and mother of all the defendants, who are children also of deceased, filed her bill in chancery alleging that she was interested in the estate and its administration, but that, by the false and fraudulent misrepresentations of her sons W. W. Wilks and John R. Wilks, as to the value of the estate and her interest therein, she had been induced to accept from them a sum greatly less than the real value of her interest and on consideration thereof to execute a conveyance to all the children of her entire interest in the real and personal property of the deceased. Shortly afterwards John R. was appointed administrator. The bill prays that the conveyance be set aside and annulled for the fraud alleged and that the administration of the estate be removed from the probate into the chancery court. The chancellor overruled a demurrer to the bill, and this appeal is prosecuted from the decree.

The bill is said to be multifarious, in that it would complicate the administration of the estate of decedent by the introduction into the cause of a controversy about the validity of the conveyance in which the estate and those interested in its administration, except John R. and W. W., personally are not concerned, and about which they ought not to be put to trouble and expense. But it needs only a cursory reading of the bill, disclosing the status above stated, to show that all the parties to this cause are interested in the administration of the estate and that the quantum of their respective interests is affected by the controversy as to the validity of the conveyance in question. Not all the parties defend-

ant are charged with participation in the fraud, but it
is charged that the alleged fraud, unless annulled by
the decree of chancery, has inured or will inure to the
benefit of all the defendants. Thus it appears that the
administrator is not only affected in his personal rights,
but the administration of his trust for the other dis-
tributees is affected also. Such being the case, the chan-
cery court may with obvious convenience and propriety
take jurisdiction of the administration and the contro-
versy as to the conveyance in one cause. This court has
heretofore sanctioned the conjunction in one suit of
more distantly related controversies where all the par-
ties were jointly interested in both controversies.—
*Noble v. Tate,* 119 Ala. 399, 24 South. 438; *Baker v.
Mitchell,* 109 Ala. 490, 20 South. 40.

*Siglin v. Smith,* 168 Ala. 398, 53 South. 260, present-
ed a different question. On the facts averred in the
original bill in that case complainant was entitled to re-
move the administration into chancery. But she aver-
red in her supplemental bill that she had been fraudu-
lently induced to convey her interest in decedent's es-
tate to persons whom she averred had no interest in the
estate—to strangers, and this subsequent to the filing
of the original bill. On these facts it seemed clear to
the majority of the court that all other distributees,
whose rights and interests were not questioned, ought
not to be drawn into, and the ascertainment and dis-
tribution of their shares embarrassed and delayed by,
a litigation with strangers to the estate about a con-
veyance in which they had no part or interest. It was
thought that she might protect her interests by a sep-
arate, though perhaps more difficult, bill in chancery
impounding the separate interest involved without af-
fecting primarily the settlement of the estate or at all
the shares of distributees. And so might the complain-

[Wilks, et al. v. Wilks.]

ant in the case at bar; but no consideration of multi-fariousness requiring her to do so is found in the bill.

True, it may be determined after a while that complainant must be bound by her conveyance, that she has no interest in the estate, and that, therefore, she is not entitled to a removal of the administration; but in that event no harm will have been done, for the administration will have progressed in a court of ample powers without risk to the contested interest and without entangling any party in foreign difficulties. And in that event, also, the court of chancery, having acquired a lawful jurisdiction in the beginning of a proper subject-matter, will proceed to a final disposition of all equities and rights.

In the next place, the sufficiency of the charges of fraud in the procurement of the conveyance is questioned. It is said that, for aught appearing in the bill, the representations made by W. W. and John R. Wilks were mere expressions of opinion made in regard to the value of the estate. It is said that it is not shown that they knew their representations were false, that doubtless complainant was as familiar with the affairs of her deceased husband as were her sons, the defendants alleged to have made the misrepresentations, and that, at least, she might have informed herself by inquiry. In large part these objections are answered by the language of the bill which charges that she was ignorant of the value of her husband's estate and of her dower, homestead, and distributive rights therein, that the representations were false and made with the purpose of inducing her to part with her rights and interests in the estate at a sum greatly less than their real value, and that she relied upon them in making her deed. As for the rest, the averment is that she was at the time of the conveyance still greatly grieved and mentally and

physically ill and incapacitated by reason of the then recent death of her husband. These circumstances would ordinarily be considered enough to relieve a mother of inquiry into the good faith of her sons. But the averment goes further. It is that she was ignorant, and that her sons were looking after the affairs of their father's estate and were in a position to know approximately its value. Where statements are made of facts, especially where they concern matters which may be assumed to be within the knowledge of the party making them, the party to whom they are made has a right to rely upon them. In the absence of knowledge of his own which would arouse suspicion, he is not bound to make inquiry or examine for himself. A party asserting facts cannot complain that the other took him at his word. "Positive representation of a fact cannot be counteracted by the implication that the party might have ascertained to the contrary; under such circumstances, he need not institute an independent investigation."— *Shahan v. Brown,* 167 Ala. 534, 52 South. 737; *McDonald v. Pearson,* 114 Ala. 638, 21 South. 534. The bill was not defective in the point here taken.

Complainant offers to refund to the grantees in the alleged fraudulent conveyance the sum received by her as consideration for same, or to such of the grantees as the court may deem entitled to the same, or to allow the sum to be credited upon her distributive share of the estate, should the court so decree. Appellant complains that she does not pay or tender the money into court and that she says nothing of interest. It is suggested that, upon proof taken, it may appear that complainant has received more than her interest in the estate, and in that event the court would be without effective power to compel complainant to repay the overplus. But in that event defendants will not be entitled to re-

scind. They will have equity in a decree establishing the conveyance and taxing complainant with the costs incurred in maintaining it. As for the interest, that may be considered as a mere incident to the principle sum and covered by the offer to refund, and by complainant's complete submission to any decree the court may deem proper in the premises. The offer was sufficient (*Perry v. Boyd*, 126 Ala. 169, 28 South. 711, 85 Am. St. Rep. 17; *Martin v. Martin*, 35 Ala. 560), if indeed, under the circumstances, anything more was necessary than a general submission to the power of the court to do complete equity in the premises.

References in the bill to the fact—averments of the fact, if you please—that deceased was interested in two mercantile partnerships at the time of his death, were not essential to the equity of the bill. They were mere allegations of evidence, of facts going to show the value of decedent's estate, a fact alleged with sufficient detail elsewhere in the bill. The particulars here in question were not the proper subject of demurrer, and its consideration in that respect might have been pretermitted. They were, however, proper averments, served to inform the defendants in part of the nature of the evidence to be met and of them, since the bill was not thereby unduly incumbered, the defendants have no reason to complain.

Section 3010 of the Code provides as follows: "In all suits and proceedings in the probate courts and chancery and other courts of like jurisdiction, where there is involved the administration of a trust, or where there is a partition in kind of real or personal property between tenants in common, the court having jurisdiction of such suit or proceeding may ascertain a reasonable attorney's fee, to be paid to the attorneys or solicitors representing the trust, joint, or common property,

or any party in the suit or proceeding, and is author-
ized to tax as a part of the costs in such suit or proceed-
ing such reasonable attorney's fee, which is to be paid
when collected as the other costs in the proceeding to
such attorneys or solicitors as may be directed or or-
dered by the court." This is a codification and improve-
ment of the act of February 2, 1903 (Gen. Acts, 1903,
p. 33). We think it was not intended to authorize
cestuis que trustent, or parties claiming to be cestuis
que trustent, to employ at the expense of the trust at-
torneys or solicitors for the litigation among themselves
of adversary claims as to their respective interests in
the trust. In such questions the trust as a trust is not ·
interested, nor would it be equitable that other cestuis—
not sui juris perhaps, as is the case with some of the
distributees here—should be taxed through the trust
fund or estate to carry on litigations, or specific and
separable branches of litigations, in which they are not
interested, as may well be the case. But section 5½
of the amended bill, though in the form of an averment
of fact, avers no fact involving the equities of the bill.
It is really nothing more than a suggestion of matter
which would necessarily come to the court's attention
in the administration of the trust or in the progress of
the separable controversy as to the validity of the deed,
and is followed by amendment of the prayer of the bill
so as to ask for the allowance of a solicitor's fee. The
demurrer then, in effect, said the complainant ought not
to have the specific relief prayed. But a bill, stating
equities and praying for proper relief is not demurrable
for the reason that a prayer for further, but unwarrant-
ed, relief is conjoined.—*Rosenau v. Powell*, 173 Ala.
123, 55 South. 789. This seems to have been the view
taken by the chancellor. He overruled the demurrer,
but indicated in his opinion that the ruling was not to

be taken as indicative of any purpose to allow a solicitor's fee. That, he said, would depend upon developments. In this he properly disposed of the case.

Let the decree be affirmed.

Affirmed. All the Justices concur.