# Tygh *v.* Dolan.

| 95   269
|109   493

*Petition by Widow for Allotment of Lands for Homestead.*

1. *Plea to jurisdiction.*—In a case pending in the Probate Court, on the petition of a widow for an allotment of lands in lieu of homestead (Code, § 2544), a plea to the jurisdiction which alleges that a bill has been filed to remove the administration and settlement of the estate into the Chancery Court, and that said court has assumed jurisdiction of the suit, is good and sufficient, although it does not set out the bill *in extenso*, and does not allege that the matters embraced in the petition were removed as part of the administration.

2. *Removal of administration into equity.*—The administration and settlement of a decedent's estate is a single continuous proceeding, and when removed into equity for any purpose, that court must proceed to a final and complete settlement of all matters involved, including the widow's petition for an allotment of homestead, or other lands in lieu of homestead.

3. *Assignment of dower in equity.*—When dower can not be assigned by metes and bounds, a court of equity has exclusive jurisdiction to make an assignment.

APPEAL from the Probate Court of Mobile.

Heard before the Hon. PRICE WILLIAMS.

In the matter of the estate of Thomas Dolan, deceased, on the petition of Mrs. Mary Dolan, widow and administratrix, to have certain lots in Mobile allotted to her in lieu of homestead. Said Thomas Dolan died in the city of Mobile, on the 15th September, 1887, intestate, and without children; and letters of administration on his estate were granted to his widow on the 1st October, 1887. Said intestate was seized and possessed at the time of his death of a house and lot in the city of Mobile, which was his homestead, but which was of value more than $2,000; and he also owned three other small houses and lots in the city, whose aggregate value was about $2,000, more or less. On the 1st April, 1891, Mrs. Dolan filed her petition in the Probate

[Tygh v. Dolan.]

Court, alleging that the homestead was of greater value than $2,000, and asking that the other lots be assigned to her as exempt in lieu of homestead. On the same day commissioners were appointed by the court to make an appraisement and allotment of the property, and they made their report on the 7th April, 1891, appraising the three lots at $1,800, and allotting them to the widow in lieu of homestead. On the 27th April, 1891, exceptions to the action and report of the commissioners were filed by the heirs at law, who were the brothers and sisters of the intestate; and a day was appointed for the hearing. On the 18th May, 1891, a plea to the jurisdiction of the court was filed by the widow, as follows: "Since the making of said report by said commissioners, this petitioner has filed her bill in the Chancery Court, praying that said court would take jurisdiction of the settlement of her entire administration, including the assignment to her of said lands in lieu of homestead, referred to in said exceptions; and the said heirs of said Thomas Dolan, since the filing of said bill in said Chancery Court, have filed a cross-bill in said cause, in which they pray that said Chancery Court will take jurisdiction of the whole subject-matter, as prayed in said original bill. On the 24th April, 1891, said heirs made in said Chancery Court a motion for a receiver in said cause, and for the removal of said Mary Dolan as administratrix of said estate. Said court thereupon took jurisdiction of said bill and said cross-bill, and is now proceeding to consider and determine all issues involved in said estate, including the issues presented by said exceptions. Petitioner pleads the foregoing facts as a bar to all further proceedings in this hon. court." The court overruled a demurrer to this plea, and, having postponed a hearing on the exceptions until after the Chancery Court had rendered a decree assuming jurisdiction over the administration of the estate, sustained the plea, and refused to act on the exceptions. Exceptions were reserved to these rulings, and they are here assigned as error.

W. E. RICHARDSON, and THOS. H. SMITH, for appellant.

HANNIS TAYLOR, contra.

McCLELLAN, J.—It can not be doubted that the plea to the jurisdiction of the Probate Court was sufficient to present the issue whether the Chancery Court had taken jurisdiction of the administration of Thomas Dolan's estate. All that is necessary to such a plea, we apprehend, is that

it should state the facts that a bill invoking the jurisdiction
of the Chancery Court has been filed therein, and that court
has assumed the exercise of such jurisdiction.   Whether the
bill to that end is sufficient, is a question which properly
arises on the trial of the plea.   It can not be necessary that
such plea should set out the bill *in extenso*; and to hold the
plea here insufficient would logically lead to such require-
ment.   There was no error in the rulings of the lower court
on the motion and demurrers which were addressed to the
sufficiency of the plea.

The only other action of the Probate Court which this
record presents for review is its judgment sustaining the
plea on the evidence.   And the only argument made against
the correctness of that action really admits that the Chan-
cery Court had acquired control of the administration gen-
erally, and thereby ended the jurisdiction, in a general sense,
of the Probate Court.   Indeed, the appellants having them-
selves not only submitted to, but affirmatively invoked the
interposition of equity by a cross-bill, were in no position
to deny the general jurisdiction of the Chancery Court.
But the contention is, that the bill does not specifically pray
the Chancery Court to take control of that part of the ad-
ministration having reference to the setting apart of lands
in lieu of homestead to the widow, and hence that as to that
matter the jurisdiction of the Probate Court remained intact.
If it were .conceded that the bill made no reference to this
particular part of the administration, the conclusion sought
to be drawn from that fact can not be sustained.   It needs
no argument, and no citation of authority, to show that the
setting apart of homestead, or lands in lieu of homestead, is
as much a part of the administration of an estate, as much
in the way of settling the affairs of the decedent, and dis-
posing of property left by him as the law prescribes, as
any other act the personal representative and the courts
may do in the administration.   And when an administration
is removed into the Chancery Court for any purpose, or in
any part, it is there in whole, and for all purposes.   There
can be no splitting up of an administration any more than
any other cause of action; it is one proceeding throughout,
in a sense, and the court having paramount jurisdiction of
it must proceed to a final and complete settlement.

But, aside from the consideration that the argument for
appellants is addressed solely to the proposition that a part
of the administration, that part which they desired the Pro-
bate Court to act upon, was not removed into the Chancery
Court, and looking to the bill to determine whether that

[Mortgage Cos. v. Turner; Same v. Simmons.]

court really had jurisdiction at the time the Probate Court so held, the conclusion must be that the ruling assigned as error was proper. The bill makes a case in respect of the widow's dower right, of which the Probate Court has no jurisdiction. It alleges that dower can not be assigned by metes and bounds, and thus makes a case for exclusive equity jurisdiction.—*Wood v. Morgan,* 56 Ala. 397.

There is no error in the record, and the judgment of the Probate Court is affirmed.