# Robinson v. Allison.

*Statutory Action of Ejectment.*

1. *Deed; when not void for uncertainty in description of land conveyed.*—In a marshal's deed to land, described as the property of A., there was a mistake in the description by courses and distances, in that one of the boundary lines was stated to run "thence west, fifty-five degrees east," but this error was remedied by other parts of the description, so that there was a complete description by metes and

[Robinson v. Allison.]

bounds, if the point of beginning, which was stated to be "at the northwest corner of B's lot on the street leading west from H." could be located; and there was a latent ambiguity, as to the location of said point of beginning, resulting from the facts that there were two streets "leading west from H.," and that B. owned lots on both those streets; but this ambiguity was removed by evidence that A. never owned but one lot on either of said streets, and that the northeast corner of that lot was the northwest corner of B's lot on the same street. *Held*, that said deed was not void for uncertainty in its description of the land conveyed.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

The principal facts of this case are stated in the report of the decision rendered on a former appeal. 97 Ala. 596. The only question reviewed on the present appeal is the refusal of the court to give the following written charge requested by the plaintiff: "The deed from E. E. Douglass, United States Marshal, to James B. Robinson is not void for uncertainty in description." The plaintiff duly excepted to the court's refusal to give this charge. There was judgment for the defendants. The plaintiff appeals, and assigns as error, among other rulings of the trial court, the refusal to give the charge above mentioned.

LAWRENCE COOPER and W. A. GUNTER, for appellant.

HUMES, SHEFFEY & SPEAKE, *contra*.

McCLELLAN, J.—The attempted particular description of the land embraced in the deed of the marshal, Douglass, to James B. Robinson, is as follows: "A certain tract of land lying in the city of Huntsville, county of Madison and State of Alabama, described as follows: Beginning at the northwest corner of Joshua H. Beadle's lot on the street leading west from Huntsville, thence along said street south, seventy-four and one-half degrees west, one hundred and five feet, to the northeast corner of Joseph F. Clark's lot; thence south, thirty-five degrees east, three chains and sixty links, along said Clark's line, to the corner of the lot of O. D. Sledge; thence west, fifty-five degrees east, one hundred and one feet, to the southwest corner of Joshua H. Beadle's lot; thence, along said Beadle's line, north, thirty-five degrees west, two chains and eighty links to the begin-

ning,—containing about fifty-eight hundredths of an acre, [levied on] as the property of said [Samuel H.] Allison." There is a patent mistake in this description where a line is stated to run "*thence west, fifty-five degrees east.*" A line which runs west from a given starting point, of course, cannot also run east from that point. But this inadvertent error is remedied by other parts of the description, so far as determining the length of all the lines and their positions relative to each other are concerned. The final line in this description runs north, thirty-five degrees west, to the point of beginning. Its length is given. A line, therefore, starting at the point of beginning and running south, thirty-five degrees east, for the given distance, would reach and mark the southeast corner of the lot. Thence a straight line to the terminus of the line running south, thirty-five degrees east, on the west, would mark the southern boundary of the land, and complete the description by metes and bounds, assuming that the point of beginning is certain, or can be made certain by parol. The evidence as to this was to the effect that, at the time of the execution of this deed, Beadle owned lots on two streets leading west from Huntsville, but that on Holmes street his lot adjoined on the east the lot of Samuel H. Allison, so that the northwest corner of Beadle's lot on that street was the northeast corner of the lot owned by Allison, and that "Allison never owned but one lot, and that was the one occupied by him for many years, and on which he erected his residence, and is the same property for which plaintiff now sues." The Douglass deed describes the lot intended to be conveyed by it as the property of Samuel H. Allison. The latter having no other lot than that which adjoined on the west a lot of Beadle's fronting Holmes street, formerly called Turnpike street, it is obvious that the starting point of the boundary given in the deed was the northwest corner of that one of Beadle's lots which fronted on Holmes street, and lay next to Allison's lot on the east. The evidence in this connection is free from conflict, and entirely removes the latent ambiguity in the Douglass deed, resulting from the facts that there were two streets "leading west from Huntsville," that on ancient plots there was marked a third, under the name of Holmes street, but which had never been opened, the name itself having for a long

time been applied to the street marked on the old maps as "Turnpike street," and that Beadle owned lots on both the streets "leading west from Huntsville." With this latent ambiguity thus eliminated, and the south boundary of the lot supplied by the instrument itself, though not in terms set forth therein, the deed from E. E. Douglass to James B. Robinson is not void for uncertainty in its description of the land; and the Circuit Court erred in refusing to so instruct the jury.—2 Devlin on Deeds, §§ 1010, 1012, 1013; *Humes v. Bernstein,* 72 Ala. 546.

We do not deem it necessary to discuss the other points urged in the brief of appellant's counsel. There must be a reversal; and, upon another trial, the opinion of this court on the former appeal in this case, in connection with the opinions in the cases of *Trufant v. White,* 99 Ala. 526, and *Lee v. Spaulding,* 19 So. Rep. 246, sufficiently advise the Circuit Court of our views upon every question likely to arise.

Reversed and remanded.

BRICKELL, C. J. not sitting.