(86 South. 377)

## McKEITHEN v. RICH et al. (3 Div. 422.)

(Supreme Court of Alabama. Oct. 28, 1920.)

1. Courts ⟨key⟩487(2)—Heir, distributee, or legatee may remove administration into court of equity.

Under Acts 1911, p. 574, § 3, an heir or distributee of an estate, or a devisee or legatee under a will, at any time before the probate court has taken steps looking to final settlement of the estate, without setting up any special equity therefor, may remove the administration of the estate from the probate court into a court of equity for further administration and final settlement.

2. Courts ⟨key⟩488(1) — Administration of decedent's estate, removed into equity must proceed to final settlement following court's practice.

The administration and settlement of a decedent's estate is a single and continuous proceeding, and there can be no splitting up of such administration, any more than any other cause of action; and, when the administration is once removed into a court of equity, its jurisdiction becomes exclusive, and it must operate to final and complete settlement, following its own action and governed by its own procedure.

3. Executors and administrators ⟨key⟩513(4)— Settlement of executrix in probate court not final to bar devisee's right to remove administration into equity.

Settlement, made by an executrix in the probate court on her resignation, wherein objections were filed to allowance of a credit to the executrix, withdrawal of which the executrix procured, as well as allowance of the items objected to, on faith of agreement between the objectors and herself, which she did not carry out, though final in the sense she was relieved of a trust, held not a final settlement of the estate in the sense to bar a devisee's right to remove the administration into a court of equity, nor final in the sense that items in the account involved may not, in the absence of fraud, be re-examined under Code 1907, § 2685, on final settlement of the estate.

Appeal from Circuit Court, Lowndes County; A. E. Gamble, Judge.

Suit by Mildred R. McKeithen against Mildred B. Rich and others. From decree sustaining demurrers to the bill, complainant appeals. Reversed and remanded.

Rushton, Williams & Crenshaw, of Montgomery, for appellant.

A judgment obtained by fraud may be set aside in a court of equity. 85 Ala. 522; 72 Ala. 1; 34 Ala. 198, 73 Am. Dec. 455. The statute of frauds cannot be set up to protect a fraud, 174 Ala. 410, 56 South. 921; 195 Ala. 454, 70 South. 640; 20 Cyc. 280, 281; Pomeroy's Equity, § 921, and cases cited in notes. Equity has jurisdiction under the facts averred in this bill, not only to re-

move the cause, but to relieve against the judgment of the probate court. 85 Ala. 522; 72 Ala. 1; 98 U. S. 51, 25 L. Ed. 83; 113 Ala. 469, 21 South. 59, 59 Am. St. Rep. 122; 86 Ala. 357, 5 South. 572, 11 Am. St. Rep. 46. None of the demurrers were well taken.

John R. Tyson, of Montgomery, for appellees.

The bill violates subdivision 5, § 4289, Code 1907. A guardian ad litem is without authority to make the agreement here set up. 161 U. S. 691, 16 Sup. Ct. 714, 40 L. Ed. 849. The facts do not show that Mrs. Rich was not entitled to the credits allowed her. 161 Ala. 534, 50 South. 56. Fraud, without damages, gives no cause of action. 30 Ala. 709. The parties complainant have not acted with promptness. 188 Ala. 667; 65 South. 988; 194 Ala. 537, 69 South. 948.

BROWN, J. This bill was filed by the appellant, a legatee and devisee under the will of W. P. Russell, deceased, against the administrator de bonis non, with the will annexed, of the estate of said W. P. Russell, Mildred B. Rich, the widow of said Russell, and former executrix of the will, and the other legatees and devisees under the will, to remove the administration of the estate from the probate court into the circuit court sitting as a court of equity, for further administration.

The bill shows that Mildred B. (Russell) Rich was originally a devisee under the will, and she with one McPherson were nominated as executors, and relieved of giving bond, or accounting, or making settlement of the estate in court; that upon probation of the will she, as the widow, filed her dissent, and had her dower interest ascertained and set apart. Mrs. Rich and McPherson, however, qualified as executors, but upon being cited by the probate court to make settlement of their accounts, they resigned, and made final settlement of their accounts up to the time of such resignation, and thereupon W. P. Russell was appointed and qualified as administrator de bonis non with the will annexed.

In the settlement of her accounts upon her resignation as executrix, Mrs. Rich was allowed a credit of $1,800, representing an expenditure made by her for installing a water-works system in, and the enlargement of, the dwelling house, which the bill avers were unnecessary and unauthorized expenditures, and were not proper charges against the estate. The bill further alleges that objections were filed to the allowance of this credit by the devisees, including complainant, and the guardian ad litem appointed by the court to represent the interest of the minors; that she (Mrs. Rich) procured the withdrawal of these objections and the al-

lowance of said items on the faith of an agreement between the objectors and herself; that if said objections were withdrawn and the credit allowed, she would convey to the devisees under the will all her right, title, and interest in and to said dwelling house; that she has failed and refused to execute said deed, and the bill as amended avers that Mrs. Rich, at the time of entering into such agreement, did not intend to execute said deed. Among other things, the bill prays that this item of account, allowed as a credit on said settlement, be re-examined and disallowed.

The general equity of the bill is not questioned, but demurrers were interposed to several sections thereof on the theory, no doubt, that the decree of the probate court entered on the settlement of the accounts of Mrs. Rich is final and conclusive as between the parties, and cannot be impeached or reopened except for fraud in its procurement.

[1] It is firmly settled by the decisions of this court, as well as by statutes, that an heir or distributee of an estate, or a devisee or legatee under a will, at any time before the probate court has taken steps looking to a final settlement of the estate, may, without setting up any special equity therefor, remove the administration of the estate from the probate court into a court of equity for further administration and final settlement. Acts 1911, p. 574, § 3; St. John v. St. John, 150 Ala. 237, 43 South. 580; Dent v. Foy, 85 South. 709;[1] Baker, Adm'r, v. Mitchell, 109 Ala. 409, 20 South. 40.

[2] It is equally as well settled that the administration and settlement of a decedent's estate is a single and continuous proceeding throughout, and there can be no splitting up of such administration, any more than any other cause of action; and when once removed into a court of equity that court's jurisdiction becomes exclusive, and it must proceed to a final and complete settlement, following its own practice and governed by its own procedure. Blakey v. Blakey, 9 Ala. 391; Dement v. Boggess, 13 Ala. 140; Tygh v. Dolan, 95 Ala. 269, 10 South. 837; Baker v. Mitchell, supra; 7 Ency. Dig. (Ala. Reps.) p. 278, § 357, and authorities there cited. And it is provided by statute:

"Upon the final settlement, any item of account included in any previous settlement may be re-examined; but its allowance in the previous settlement is presumptive evidence of its correctness." Code 1907, § 2685; Bentley v. Dailey, 87 Ala. 406, 6 South. 274; Thompson v. Hunt, 22 Ala. 517.

[3] While the settlement made by Mrs. Rich is final in the sense that she was relieved of the trust, it is not a final settlement of the estate in the sense that it will bar the complainant's right to remove the administration into a court of equity; nor is it final in the sense that items of account involved in such settlement may not, in the absence of fraud, be re-examined on the final settlement of the estate. Code 1907, § 2685.

As to the questions presented in argument relating to the validity of the alleged agreement of Mrs. Rich to convey her interest in the dwelling, we deem it sufficient to say that there is no effort here to enforce such agreement, and the relief sought by the bill, as we view it, is not predicated thereon.

The demurrers were not well taken, and should have been overruled.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

---

⬤ᵒFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 404.