(93 South. 560)

## HINSON v. NAUGHER et al.
### (6 Div. 575.)

(Supreme Court of Alabama. May 25, 1922.)

**1. Wills ⬅698—Bill to construe will and for general relief on removal of administration into circuit court equity held not demurrable.**

After filing a petition under Acts 1915, p. 738, and Acts 1911, pp. 574, 575, and obtaining a removal of the administration of an estate to the circuit court in equity, complainant filed a bill original in form praying the court to take jurisdiction, require bond, construe the will, and give other and general relief. Held, that such bill was not demurrable for want of equity, since the removal was no different in effect than it would have been if it had been accomplished by an original bill, in which case there is no question but that the instant bill would lie under the established jurisdiction of chancery courts over trust estates.

**2. Equity ⬅148(3)—Bill original in form filed in equity after removal of administration held not improperly filed or multifarious.**

A court of equity, having acquired jurisdiction of the administration of an estate by petition under Acts 1915, p. 738, and Acts 1911, pp. 574, 575, will retain such jurisdiction and apply such substantive law as suits the case, and a bill original in form, praying that the court take jurisdiction, require bond, and grant other and general relief, is not demurrable as being improperly filed or multifarious.

**3. Equity ⬅107—Bill filed in administration proceedings in equity held demurrable for improper joinder of parties.**

A bill original in form, seeking relief relative to the administration of an estate in equity, held demurrable for failure to affirmatively show that the parties made respondents thereto were necessary or proper parties.

Appeal from Circuit Court, Fayette County; T. L. Sowell, Judge.

Bill by Dora Hinson against C. E. Naugher, as executrix, and others named as devisees and legatees of the will of William T. Naugher, deceased. From a decree sustaining demurrers, complainant appeals. Affirmed.

W. L. Harris and Wm. W. Monroe, both of Fayette, for appellant.

The bill was sufficient in its averments to require the executrix to make bond. Code 1907, §§ 2451, 6102; 125 Ala. 135, 27 South. 924; 182 Ala. 467, 62 South. 508; 195 Ala. 469, 70 South. 148. The law requires the executrix to file an inventory and accounts and make settlements. Code 1907, §§ 2579, 2581; Acts 1919, p. 566; 205 Ala. 434, 88 South. 418. To entitle complainant to bring this action, she need only allege danger to her interest; it is not necessary that she show waste or devastavit. Code 1907, §§ 2541, 6102; 125 Ala. 135, 27 South. 924; 116 Ala. 265, 22 South. 561. Complainant has the right to

have the will construed. 180 Ala. 267, 60 South. 885; 204 Ala. 336, 85 South. 768; 202 Ala. 160, 79 South. 648; 200 Ala. 178, 75 South. 926; 9 South. 539; 175 Ala. 664, 57 South. 699; 175 Ala. 667, 57 South. 442. The respondents, other than C. E. Naugher, are vested remaindermen, and are therefore proper parties. 56 South. 533; 190 Ala. 485, 67 South. 273; 202 Ala. 160, 79 South. 644; 40 Cyc. 1846.

J. J. Mayfield, of Montgomery, and S. T. Wright, of Fayette, for appellees.

When a ruling of the court below does not show on what ground demurrer was sustained, the decree will be affirmed, if any of the grounds are well taken. 95 Ala. 312, 10 South. 845; 78 Ala. 328; 96 Ala. 592, 11 South. 600; 89 Ala. 373, 7 South. 198.

THOMAS, J. [1] A petition was filed in the probate court of Fayette county for the probate of the will of William T. Naugher, deceased, which was admitted. Thereafter this complainant, Dora Hinson, procured the removal of administration of that estate to the circuit court in equity.

The bill by said Hinson thereafter filed in said court of equity was original in form and prayed: (1) That the court take jurisdiction of the "cause and the administration of the trust herein mentioned"; (2) that "C. E. Naugher, as executrix and trustee of the said last will and testament of said William T. Naugher, deceased, be required to enter into bond with good and sufficient surety," etc.; that she "be required to make and file in this court a full, true, and complete inventory, * * * her accounts and vouchers, and make settlement at * * * certain and specified intervals of time"; (3) that the provisions of the will of decedent be construed as to "the rights, powers, duties, and limitations of said respondent C. E. Naugher, as executrix and trustee, under items 3, 4, 5, and 6 of said will," and the "scope of the powers and discretion invested in said executrix and trustee under the terms of said will" be defined; (4) that a reasonable attorney's fee be allowed; and (5) for general relief.

The order of removal of the administration from the probate to the equity court was accomplished at the instance of said Hinson, daughter of William T. Naugher, deceased, and one of the devisees and legatees under the terms of said last will and testament by means of her sworn petition containing the averments necessary under the statute. Thereafter the administration of said estate and trust properties was a pending cause in the circuit court in equity. Gen. Acts 1915, p. 738; Acts 1911, pp. 574, 575; Parker v. Robertson, 205 Ala. 434, 88 South. 418; Dent v. Foy, 204 Ala. 404, 85 South. 709; Dooley v. Dooley, 205 Ala. 281,

87 South. 545; Crawford v. Carlisle, 206 Ala. 379, 89 South. 565, 568(1); McKeithen v. Rich, 204 Ala. 588, 86 South. 377; Dent v. Foy, 206 Ala. 454, 90 South. 317.

Recent decisions of this court are to the effect that the administration and settlement of a decedent's estate in equity is a single and continuous proceeding; and when the administration of an estate is once removed from the probate court into a court of equity, its jurisdiction becomes exclusive and efficient, and the court must operate to a final settlement governed by its own procedure. McKeithen v. Rich, supra; Dent v. Foy, 206 Ala. 454, 90 South. 317.

Complainant's filing of her bill in the circuit court in equity, to which the administration of the estate of William T. Naugher, deceased, had been removed on her "sworn petition," was not an interruption of the due course of administration of the estate, but was an authorized incident of a proper procedure in a court of equity consistent with an orderly administration of the estate and its trust funds by the executrix and trustee under the last will of said decedent.

In Rice v. Davidson, 206 Ala. 226, 89 South. 600, a bill was filed in equity to restrain a trespass on land that was the subject of a pending bill in the same court to quiet title. Held:

"The two pending 'bills' between the same parties, involving the subject-matter or title to the same lands, became one and the same cause."

In Coley v. English, 204 Ala. 691, 87 South. 81, a bill was filed to enjoin the cutting and removing or depredations upon any of the timber situated on the land described in the deed of the Englishes to King, pending the determination of a bill by complainant for the specific performance by the Englishes of their contract to convey said land to complainant, which was then pending. Held that, on the averments of the bill for injunction, no real question was presented with respect to any right, interest, or title in complainant to the timber passing by the conveyance to King in 1905. And for such reason the bill was held to be without equity. These last-cited authorities are different from the case made by the instant bill, in that they were respectively for the sole purpose of preserving the subject or status quo of pending litigation. However, it remains a fact that in both cases bills original in form were considered by the court as sufficient to present the necessity vel non of the exercise of the restraining power of the court to preserve the subject-matter of the other suit, and in the one case held sufficient and in the other as insufficient in fact.

In the instant case the removal of the administration of the Naugher estate from the probate to the circuit court in equity had been effectuated under the statute by a

207 Ala.—38

sworn petition of Dora Hinson, who thereafter (as complainant) exhibited her bill in said court for construction of the will, filing inventories, etc., and other acts deemed necessary and proper to the preservation of the estate or trust properties in the due administration thereof, in accordance with the terms of the testator's will as affecting the properties and objects of his bounty and powers of the trustee and executor. It must be admitted that, had not the removal been accomplished by a petition (under the statute), rather than by a bill original in form directed to the judge of, and filed in, said court of equity, to which the administration was removed, the instant bill would lie under the well-recognized jurisdiction of a court of chancery in the administration of trust estates. The reason for the acquiring of jurisdiction in such matters by a court of equity has long been declared:

"In whatever way or for whatever purpose or in whatever form trusts arise under wills, they are exclusively within the jurisdiction of courts of equity. Indeed, so many arrangements, modifications, restraints, and intermediate directions are indispensable to the due administration of these trusts that without the interposition of courts of equity there would in many cases be a total failure of justice." 3 Story's Eq. Juris. (14th Ed.) § 1424 et seq.; 3 Pom. Eq. Juris. §§ 1155, 1157; 5 Pom. Eq. Juris. § 7.

The earlier decisions of this court required that a special equity be shown for removal of administration of estates from a probate to a chancery court. Trotter v. Blocker, 6 Port. 269, 289; Sellers v. Sellers, 35 Ala. 235, 240; Cowles v. Pollard, 51 Ala. 445, 447; Clay, Adm'r, v. Gurley, Adm'r, 62 Ala. 14; Carroll v. Richardson, 87 Ala. 605, 610, 6 South. 342. The recent decisions are under the statute (Birmingham Trust & Savings Co. v. Cannon, 204 Ala. 336, 342, 85 South. 768; Fowlkes v. Clay, 205 Ala. 523, 88 South. 651; Jemison v. Brasher, 202 Ala. 578, 579, 81 South. 80), where the right of removal of the administration of estates from the probate to a court of equity is provided for the parties indicated (Gen. Acts 1915, p. 738) without regard to a special equity being averred and shown.

[2] Having taken jurisdiction, equity will administer the estate and apply the substantive law having application, in accordance with its own established procedure. No rule of law prevents the exercise of such original jurisdiction of a court of equity by reason of the removal of administration of the estate from a probate to a court of equity by separate petition under the statute, or that would render the instant bill for construction of the will and for inventories, etc., improperly filed or multifarious. The matters of relief sought—construction and inventories—have been held relevant and proper to a due administration of such an estate in equity. Parker v. Robertson, supra; Dooley v. Dooley, supra; Martin v. Cameron, 203 Ala. 548, 549, 84 South. 270; Richter v. Richter, 180 Ala. 218, 60 South. 880; Baker v. Mitchell, 109 Ala. 490, 20 South. 40; Tygh v. Dolan, 95 Ala. 269, 10 South. 837.

It is not proper on this appeal to determine the nature or character of estate vested in the respective parties by the will of Mr. Naugher or to define the extent of the powers of his executrix and trustee. Such is for primary consideration of the circuit court in equity. Ashurst v. Ashurst, 175 Ala. 667, 670, 57 South. 442; Powell v. Labry (Ala.) 92 South. 266.[1] The averments of the bill are sufficient to indicate that complainant is within a class indicated by statute having the right to effectuate a removal of the estate without averment of a special equity, and that she has such an interest in the estate of her deceased father that she may maintain the bill for construction of the will and for the requirement of an inventory, a necessary step in the due administration and protection of such a trust estate. The sustaining of demurrer by the decree, not rested on any special ground, may not be justified on the grounds assigned, challenging the sufficiency of the bill and complainant's averment of interest to have construction of the will, and for other orders necessary to the preservation of the estate, since it is of statutory requirement (Code, § 2686) that, in a proper case, settlements may be compelled by attachments or account stated by the court. The recent significant amendment thereof is that—

"Any executor or administrator may be required by citation to file his accounts and vouchers and to make a settlement notwithstanding any provision in any will or other instrument to the contrary," etc. Acts 1919, p. 566.

It is provided in section 2541 of the Code that a testator may exempt an executor from giving bond by express provision in his will; that such bond must not be required except: (1) When any executor, heir, legatee, or other person interested in the estate makes affidavit showing his interest and alleging that such interest will be endangered for want of security; and (2) when, in the opinion of the judge of probate, the estate is likely to be wasted to the prejudice of any person interested therein. Recent construction of several provisions of the statute was that the exemption provided in section 2541 did not permit a testator to exempt his executor from filing an inventory as required by sections 2579–2581, Code 1907; that such exception (under section 2541, Code) might be a sufficient excuse for failure to file an inventory in the first instance and until application is made therefor, and was no authority

---

[1] Ante, p. 117.

to prevent inventory being required on due application. Parker v. Robertson, supra.

[3] The decree of the circuit court in equity sustaining demurrer (many grounds being assigned) will not be justified on the general demurrer assigned, "There is no equity in the bill." However, appropriate demurrer challenged the bill for misjoinder for its failure to affirmatively show that the parties made respondents thereto were necessary or proper parties. This fact may have been indicated by the terms of the will before the trial court and made a part of the bill. By some inadvertence the will is not incorporated in the transcript. The respective respondents challenged the right of complainant to make them parties against their objection, since it was not shown by averment that they were proper parties.. The sustaining of demurrer may be justified for this failure of averment. Hodge v. Joy, ante, p. 198, 92 South. 171.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, and MILLER, JJ., concur.

McCLELLAN, J., concurs as indicated in his opinion infra.

McCLELLAN, J. (concurring specially). I concur in the affirmance of the decretal order sustaining the demurrer to appellant's bill; but the writer's concurrence is based upon the demurrer's ground that there is "no equity in the bill."

It appears from the averments of the bill, as well as from the record proper set out in the present transcript, that two days before this bill was filed the appellant (complainant) by her petition caused the removal of the estate of Naugher from the probate into the circuit court in equity, in accordance with the provisions of General Acts 1911, pp. 574, 575, as amended (section 3) by General Acts 1915, pp. 738, 739. The completely effectuated removal of the administration of the estate from the former into the latter court (in equity) operated to completely invest the court of equity with jurisdiction to administer the estate of the testator. When so removed, it is a pending proceeding, a cause, in the equity court. The administration of an estate in equity, as it is in a probate court, "is in the nature of a proceeding in rem, and is therefore one as to which all the world is charged with notice." Goodrich v. Ferris, 214 U. S. 71, 80, 81, 29 Sup. Ct. 580, 583 (53 L. Ed. 914); White v. Hill, 176 Ala. 480, 486, 487, 58 South. 444. The jurisdiction with which the court of equity became thus and thereby invested comprehended the judicial power to make all orders or decrees necessary to the administration of the estate, such as issuing notices of administrational acts or proceedings to persons in interest, construing wills, requiring inventory, preserving the estate, and exacting such preservative bond as was or may become essential to the efficient administration of the estate or the execution of the testator's will. All such matters as pertain to interlocutory acts of administration of an estate so removed may and should, in the writer's opinion, be presented for consideration and judgment by petition. That practice would serve to expedite administration and conduce to a very desirable economy that could not be obtained through the expensive and much slower process of recourse to formal original bills, a method this appellant seeks to employ. Indeed, section 2 of the act of 1911 (above cited) contemplates a practice in administration of estates in equity otherwise than by original bills. That section (2) of the act of 1911 was not changed by the act of 1915 cited ante. Section 2 reads:

"That the chancery court, or court of like jurisdiction, in this state shall be considered always open for the purpose of hearing petitions, applications, motions and reports, and making any and all necessary or proper orders or decrees in the administration of estates in said court."

This unrestricted facility for hearing and for procedure in the premises consists, of course, with the execution of the complete jurisdiction of the subject-matter obtained when the order of removal is entered. Gen. Acts, supra. Features of section 1 of the act of 1911 are intended simply to preserve for sensible employment the processes of equity to effect the full service of that character of tribunal in the administration of estates removed to it—features manifesting statutory caution not at all inconsistent with the provision of section 2 quoted above.

Apart from these strongly persuasive provisions of section 2 of the act of 1911, it is, on proper occasion, a matter of discretion with the court (in equity) whether the procedural method shall be by petition or by original bill Sayre v. Elyton Land Co., 73 Ala. 85, 97. In this case it was said:

"If there be not peculiar circumstances rendering it necessary that the proceedings and issues should be put in a more formal and permanent shape than they could be by petition, or if petition is not an inadequate remedy, the court will discountenance a resort to the more dilatory and expensive remedy of an original bill."

Where, as here, the court has acquired complete jurisdiction of the administration of an estate, there is neither necessity nor occasion to employ the "dilatory and expensive remedy by original bill" when petition would serve every legitimate purpose. In this instance the court's action may be jus-

tified as an exercise of its discretion in the premises.

Again, there can be no equity in an original bill when in a pending cause in the same court the proponent of the original bill may, through interlocutory proceedings in the pending cause, have the full relief he seeks in his original bill. The principle, as applied to cross-bills invoking relief already obtainable in the main cause, has been stated and illustrated in Haralson v. Whitcomb, 200 Ala. 165, 166, 75 South. 913, and cases there cited, affording apt analogy. By petition this appellant could have invoked the court's particular power and consideration of every matter alluded to in her original bill. No court in this state administering an estate would withhold its powers, efficiently invoked, to adjudicate every question due to be determined in such a service, the court being, as section 2 of the act of 1911 provides, "always open" for every purpose of administration. If such dereliction should appear, mandamus would issue to compel action. There are no decisions in this jurisdiction sustaining the equity of this bill. To affirm equity of an original bill in the circumstances here present must inevitably introduce needless duplication and confusion as well as costly delay in the administration of estates. Illustrations of this unhappy condition will readily occur to the informed practitioner.