41 So.2d 287

**JOHNSON v. JOHNSON.**

7 Div. 12.

Supreme Court of Alabama.

June 16, 1949.

J. A. Johnson, of Fort Payne, and H. T. Foster, of Scottsboro, for appellant.

Scott & Dawson, of Fort Payne, for appellee.

FOSTER, Justice.

The question on this appeal is whether there was error in the trial court occurring in equity on removal of an administration in a proceeding to set aside the homestead and personalty exemptions to the widow.

After such removal a petition was filed by the widow to set aside the exemptions to her, alleging that there were no minor children and that the homestead consisted of thirty-two acres of land fully described and that it was all the land owned by decedent when he died, also setting out a statement as to personal assets. A will had been probated and the widow had not dissented within six months as authorized in section 19, Title 61, Code. The trial court set down the petition to be heard before it on a day named and directed notice by publication to all heirs who were nonresidents.

 C. C. Johnson, the executor, who was also an heir, made the only appearance against the petition. He filed a demurrer to the petition and a motion to dismiss it, all on the same day. They raise the point that the widow did not dissent within six months after the probating of the will as authorized by sections 18 and 19, Title 61, Code. All we need to say in that connection is that no dissent is necessary to justify the widow to claim the exemptions provided by law. Howell v. Ward, 230 Ala. 379, 161 So. 487.

Appellant also insisted that after the removal to equity, the probate court must still proceed under section 670 et seq., Title 7, Code, to set aside the homestead; or, if done in equity, the procedure of those statutes must be complied with.

But when an estate is so removed, the entire administration goes into equity for its completion of administration. Section 139, Title 13, Code; McKeithen v. Rich, 204 Ala. 588, 86 So. 377; Tygh v. Dolan, 95 Ala. 269, 10 So. 837.

The statutory procedure applicable to the probate court is not mandatory in equity, but that court may in its discretion proceed according to its own rules and practice. Section 138, Title 13, Code.

On the day set by the court to hear the petition, it was heard on the testimony of witnesses before him. There is no requirement that appraisers be appointed as in the probate court. None of the heirs appeared except C. C. Johnson who did so "as administrator" by filing the demurrer and motion. None of them filed an answer to the petition nor was a decree pro confesso taken. There is no contention made that thereby the court committed error because in equity a bill must be either answered or a decree pro confesso be entered before a final decree is made.

We do not think the rule thus stated as to bills in equity has application to what is properly termed a petition in a pending cause. Sims Chancery Practice 685. A petition is a proper proceeding by a party to a pending suit for some order or direction therein touching the matter in controversy. Renfro v. Goetter Weil & Co., 78 Ala. 311; Sims Chancery Practice section 678.

We have responded to all the assignments of error and argument of counsel for appellant and find no reversible error. We need not consider the motion to dismiss the appeal.

Affirmed.

BROWN, LIVINGSTON and SIMPSON, JJ., concur.