SENTELL, Clerk.
RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION-FEES FOR MISCELLANEOUS FILINGS-PETITIONS RELATING TO PENDING ADMINISTRATION OF AN ESTATE
Honorable William I. Byrd, Circuit Judge, Fifth Judicial Circuit of Alabama, Alexander City, has submitted to me, as Clerk of the Supreme Court, the following inquiry concerning a rule of administration promulgated by the Supreme Court:
In an estate case that has not been settled and is pending in the circuit Court, is it necessary to pay a filing fee when petitions are filed in matters related to the administering of the estate? Petitions referred to would include petitions to construe the will, petitions to declare the trust invalid, petitions to sell property, petitions to remove the executor, petitions to establish kinship and petitions for final settlement.
The answer to this inquiry is given pursuant to the authority conferred on the Clerk of the Supreme Court by § 12-2-19(d), Code 1975. My answer to the question is in the negative.
Rule 7, Alabama Rules of Judicial Administration, reads:
“FEES FOR MISCELLANEOUS FILINGS
Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes.”
In my opinion, the filing of a petition for relief in the course of a pending administration of an estate is not a “filing” that requires the payment of a fee under the terms of Rule 7.
The “filing” that requires the payment of a fee under Rule 7 is the filing of a new case. See Opinions of the Clerk: No. 1, Ala., 345 So.2d 1329 (April 26, 1977); No. 3, Ala., 345 So.2d 1338 (May 4, 1977); No. 12, Ala., 361 So.2d 534 (August 8, 1978); No. 23, Ala., 381 So.2d 55 (March 10, 1980).
The term “administration” involves all that may be done legally by the administrator in the preservation of the assets and in his dealings with creditors, distributees or legatees. Martin v. Ellerbe’s Adm’r., 70 Ala. 326, 343 (1881); Ex Parte Pettus, et al., 17 So.2d 409, 245 Ala. 349 (1944).
When the administration of an estate is once removed from the probate court to the circuit court, the jurisdiction of the circuit court comprehends the judicial power to make all orders or decrees necessary to the administration of the estate. Hinson *1042 v. Naugher, et al., 207 Ala. 592, 93 So. 560 (1922); Warrick v. Woodham, 243 Ala. 585, 11 So.2d 150 (1943).
The administration of an estate is a single and continuous proceeding. Hinson v. Naugher, et al., 207 Ala. 592, 93 So. 560 (1922); Dillard v. Gill, 231 Ala. 662, 166 So. 430, 434 (1936); Westcott v. Sharp, 256 Ala. 418, 54 So.2d 758 (1951).
A petition for relief in the course of a pending administration of an estate is not a case, separate and apart from the administration of the estate.