INGRAM, Justice.
This case involves the removal of the administration of an estate from the Probate Court of Montgomery County to the Circuit Court of Montgomery County and the validity of the subsequent appointment of an administrator of the estate by the Probate Court of Montgomery County.
In November 1982, Marie Johnson was appointed administratrix of the estate of Andrew Banks by the Probate Court of Montgomery County. In October 1984, the administration of the estate was removed to the Circuit Court of Montgomery County, upon the petition of Julius Oliver. At the time the petition for removal was filed, the only matter pending in the probate court was a petition requesting the probate court to “enter such orders and decrees as may be necessary to provide for the fair and equitable distribution of the assets of the Estate.”
After removal, the circuit court entered two orders: (1) an order in October 1985 allowing Johnson to resign as administra-trix; and (2) an order of dismissal entered *1332 on February 5, 1986. The order of dismissal stated that the action had been settled. No accounting was filed.
In October 1988, the probate court appointed Oliver administrator of the estate. Subsequently, he filed a petition in the circuit court for an accounting.
In ruling on the petition for an accounting, the circuit court held that it had jurisdiction over the estate by virtue of the earlier removal from the probate court. Also, the circuit court held that the jurisdiction continued because the earlier dismissal had not resolved all issues and no accounting had been filed. The circuit court went on to set aside Oliver’s appointment for lack of jurisdiction and appointed Mark Anderson as administrator of the estate. The court instructed Anderson to file a final accounting within 80 days of the order. Oliver now appeals that portion of the court’s order that set aside his appointment as administrator.
The only issue raised by Oliver on appeal is whether the circuit court had jurisdiction to void the letters of administration granted to Oliver by the probate court.
Oliver cites the case of Beasley v. Howell, 117 Ala. 499, 22 So. 989 (1898), for the proposition that only the probate court that granted the original letters of administration may appoint the successor administrator. In Beasley, this Court held that the Probate Court of Butler County could not grant letters of administration to a successor administrator because the Probate Court of Coffee County, which had appointed the original administrator, had jurisdiction over the estate. This Court held that the jurisdiction of the appointing court, the Probate Court of Coffee County, was exclusive and that any action by the Probate Court of Butler County was void for lack of jurisdiction. Therefore, Oliver argues that, in this case, the circuit court did not have the power to revoke the probate court’s grant of letters of administration to Oliver because only the probate court had the power to appoint a successor administrator.
However, the Beasley case predates Amendment 864 of the Alabama Constitution of 1901, which was ratified in 1977, and which states:
“[A] probate court ... shall have ... power to grant letters testamentary, and of administration ... provided, that whenever the circuit court has taken jurisdiction of the settlement of any estate, it shall have power to do all things necessary for the settlement of such estate, including the appointment and removal of administrators, executors, guardians, and trustees and including action upon the resignation of either of them.”
If there was any question of whether the probate court retained power to appoint a successor to a resigned administrator before the amendment was ratified in 1977, the amendment resolved that question by establishing that the probate court loses all power, including appointment of successor administrators, when the action is removed to the circuit court. Therefore, the circuit court, by virtue of the removal of the administration of the estate from the probate court in 1984, had the exclusive authority to appoint the successor administrator. This power was exclusive, and the probate court, because the action had been removed, had no jurisdiction over any portion of the administration of this estate. The action of the probate court appointing Oliver as administrator of the estate was, therefore, void for lack of jurisdiction.
Once the administration and settlement of an estate are removed from the probate court, the probate court loses jurisdiction over the estate, and the circuit court obtains and maintains jurisdiction until the final settlement of the estate.
“[T]he administration and settlement of a decedent’s estate ... is a single and continuous proceeding; and when the administration of an estate is once removed from the probate court into a [circuit court], its jurisdiction becomes exclusive and efficient, and the court must operate to a final settlement governed by its own procedure.”
Hinson v. Naugher, 207 Ala. 592, 598, 93 So. 560, 561 (1922).
*1333 For the foregoing reasons, we affirm the circuit court’s order revoking the appointment of Oliver as successor administrator.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES and STEAGALL, JJ., concur.