Parker Reid Buckley, Sr., died testate on June 5, 1987, and his will was duly admitted to probate on July 16, 1987. The administration of Buckley's estate was removed to the circuit court, pursuant to Ala. Code 1975, § 12-11-41. On August 12, 1993, the circuit court entered an order remanding the cause to the probate court for final settlement. On September 13, 1993, Parcena B. Nelson, one of Buckley's next of kin, filed a motion to "reconsider" and to set aside the order remanding the cause.
While Nelson's motion was pending, the probate court set for hearing a petition for final settlement of the estate and a motion to recognize the executor's exclusive authority to sell estate property. On December 6, 1993, before the circuit court had ruled on her post-judgment motion, Nelson petitioned this Court for a writ of prohibition restraining the probate court from entering any order regarding the administration of the estate.
Nelson argues that the jurisdiction of the administration of the estate, which was properly removed to the circuit court pursuant to *Page 1267 
§ 12-11-41, remains in the circuit court. We agree.
In Hinson v. Naugher, 207 Ala. 592, 93 So. 560
(1922), the Court stated that when the administration of an estate is removed from the probate court to an equity court, the jurisdiction of the equity court is exclusive and the equity court must enter the final settlement. See, also,Cater v. Howard, 230 Ala. 133, 159 So. 830 (1935) (when the administration of an estate is duly removed from the probate court into a court of equity, the jurisdiction of the equity court is complete to accomplish the ultimate purpose of the administration); Johnson v. Johnson, 252 Ala. 366,41 So.2d 287 (1949) (when the administration of an estate is removed from the probate court to an equity court, the entire administration goes into equity for the completion of administration); and Opinion of the Clerk No. 32,390 So.2d 1040 (Ala. 1980) (clerk expressed opinion that when the administration of an estate is removed from the probate court to the circuit court, the jurisdiction of the circuit court encompasses the power to make all orders necessary to the administration of the estate).
The administration of Buckley's estate was properly removed from the probate court to the circuit court; the circuit court, therefore, has the exclusive jurisdiction to enter a final settlement of the estate.
The writ of prohibition is due to be issued. The jurisdiction of this matter remains in the circuit court.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, ALMON, STEAGALL and INGRAM, JJ., concur.