LYONS, Justice.
Yolanda Allen appeals from an order of the Etowah Circuit Court requiring her to petition the Etowah Probate Court to probate a lost will with respect to an estate, the administration of which had been removed to the circuit court under § 12-11-41, Ala.Code 1975. We reverse and remand.

Factual Background and Procedural History

Willie C. Juddine, Sr. (“Willie Sr.”), died on October 24, 2009. He had three children, Willie C. Juddine, Jr. (Willie Jr.), Amber Juddine, and Hacienda Juddine; only Hacienda was still a minor at the time of Willie Sr.’s death. On December 7, 2009, Willie Jr. filed a petition with the Etowah Probate Court (“the probate court”) alleging that Willie Sr. had died intestate, leaving no will. Willie Jr. requested that the probate court name him administrator of Willie Sr.’s estate (“the estate”) and grant him letters of administration. On the same day, the probate court entered an order granting letters of administration to Willie Jr. On December 21, 2009, the probate court entered an order expressly granting Willie Jr. authority to enter Willie Sr.’s home and take possession of its contents as administrator of Willie Sr.’s estate.
On December 28, 2009, Yolanda Allen filed a petition with the Etowah Circuit Court (“the circuit court”) requesting that administration of Willie Sr.’s estate be removed to the circuit court under § 12 — 11— 41, Ala.Code 1975. Allen alleged that she had been Willie Sr.’s common-law wife and that Willie Sr. had executed a will in August 2009 naming her as a beneficiary. Allen alleged that Willie Sr. had executed the will in her presence and in the presence of Amber while he was in the hospital. Allen contended that the will was in Amber’s possession but that Amber had refused to probate it. Based on those assertions and based on Willie Jr.’s assertion that no will existed, Allen stated her opinion that the estate would be better administered in the circuit court.
Allen attached to her petition for removal an unsigned copy of the will she alleged Willie Sr. had executed in August 2009. That will does not list Willie Jr. as one of Willie Sr.’s children. It names Amber as executor and Allen as alternate executor of the estate. It gives Allen a life estate in Willie Sr.’s residence and, aside from specific bequests of personal property, provides that the remainder of the estate is to be divided evenly between Amber and Hacienda.
On December 28, 2009, the circuit court entered an order granting Allen’s petition and removing the estate from the probate court pursuant to § 12-11-41. The circuit court also ordered Amber to appear at a hearing and to produce the will. Willie Jr. answered Allen’s petition, denying most of the material allegations in the petition. On the day the circuit court held a hearing regarding the existence of the will, Allen filed a petition requesting the court to probate the will. Willie Jr. moved to dismiss Allen’s petition to probate the will, arguing that the circuit court lacked jurisdiction to probate the will. The circuit court ordered briefs on the question of jurisdiction and, on March 11, 2010, entered an order finding that a lost will existed but that it did not have jurisdiction *854 to probate the will. The circuit court ordered Allen to file a petition to probate the will with the probate court. The circuit court then stayed further proceedings before it regarding the administration of the estate and ordered Willie Jr. and all other potential heirs to maintain the property of the estate pending further order of the circuit court.
On March 19, 2010, Allen petitioned this Court for a writ of mandamus directing the circuit court to retain jurisdiction of the estate and to probate the will. On May 18, 2010, this Court ordered that the mandamus petition be treated as a timely notice of appeal. See, e.g., Ex parte Kelly, 243 Ala. 184, 187, 8 So.2d 855, 857 (1942) (“The effect of the decree appealed from— remanding the administration of the estate to the probate court — was to put this branch of the case out of the circuit court, and was such final decree as will support the appeal.”).

Analysis

Allen argues on appeal that the circuit court had exclusive jurisdiction of the administration of the estate. As a result, Allen argues, the circuit court erred in declining to probate the will and in ordering her to submit the will to the probate court. Willie Jr. has not filed a brief in this Court.
Probate courts have original and general jurisdiction over the probate of wills and over the “[t]he granting of letters testamentary and of administration.” See § 12-13-1, Ala.Code 1975. However, the administration of an estate may be removed from a probate court to a circuit court under the procedures stated in § 12-11-41, Ala.Code 1975. That section provides:
“The administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof, by any heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, without assigning any special equity; and an order of removal must be made by the court, upon the filing of a sworn petition by any such heir, devisee, legatee, dis-tributee, executor, administrator or ad- ■ ministrator with the will annexed of any such estate, reciting that the petitioner is such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed and that, in the opinion of the petitioner, such estate can be better administered in the circuit court than in the probate court.”
Article VI, § 144, Ala. Const.1901, describes the power of a circuit court upon such a removal, stating, in part: “[Wjhen-ever the circuit court has taken jurisdiction of the settlement of any estate, it shall have power to do all things necessary for the settlement of such estate, including the appointment and removal of administrators, executors, guardians, and trustees and including action upon the resignation of either of them.” This Court has explained: “Once the administration and settlement of an estate are removed from the probate court, the probate court loses jurisdiction over the estate, and the circuit court obtains and maintains jurisdiction until the final settlement of the estate.” Oliver v. Johnson, 583 So.2d 1331, 1332(Ala.1991).
This Court has recognized the authority of a circuit court to retransfer the administration of an estate to the probate court where the removal was improper, such as where the petitioner lacked standing or where the probate court had already entered a final settlement of the estate. See Ex parte Terry, 985 So.2d 400 (Ala.2007); Ex parte McLendon, 824 So.2d 700 (Ala.2001). However, this Court has consistently held that, once a circuit court has properly taken jurisdiction of the adminis *855 tration of an estate under § 12-11-41, its jurisdiction over the estate is exclusive. Specifically, this Court has stated:
“In Hinson v. Naugher, 207 Ala. 592, 93 So. 560 (1922), the Court stated that when the administration of an estate is removed from the probate court to an equity court, the jurisdiction of the equity court is exclusive and the equity court must enter the final settlement. See, also, Cater v. Howard, 230 Ala. 133, 159 So. 830 (1935) (when the administration of an estate is duly removed from the probate court into a court of equity, the jurisdiction of the equity court is complete to accomplish the ultimate purpose of the administration); Johnson v. Johnson, 252 Ala. 366, 41 So.2d 287 (1949) (when the administration of an estate is removed from the probate court to an equity court, the entire administration goes into equity for the completion of administration); and Opinion of the Clerk No. 32, 390 So.2d 1040 (Ala.1980) (clerk expressed opinion that when the administration of an estate is removed from the probate court to the circuit court, the jurisdiction of the circuit court encompasses the power to make all orders necessary to the administration of the estate).
“The administration of [the subject] estate was properly removed from the probate court to the circuit court; the circuit court, therefore, has the exclusive jurisdiction to enter a final settlement of the estate.”
Ex parte Nelson, 644 So.2d 1266, 1267 (Ala.1994) (emphasis added). It is undisputed that the administration of Willie Sr.’s estate was properly removed from the probate court to the circuit court under § 12-11-41. Accordingly, the circuit court had exclusive jurisdiction of the administration of the estate.
In its March 11, 2010, order, the circuit court stated that its administration of the estate and the probate of the will were “two totally different matters,” noting the exclusive authority of the probate court to initiate the administration of an estate, citing Ex parte Smith, 619 So.2d 1374, 1376 (Ala.1993) (“The circuit court cannot initiate the administration of an estate, because the initiation of administration is a matter exclusively in the jurisdiction of the probate court.”). However, this Court has explained:
“[T]he administration and settlement of a decedent’s estate in equity is a single and continuous proceeding; and when the administration of an estate is once removed from the probate court into a court of equity, its jurisdiction becomes exclusive and efficient, and the court must operate to a final settlement governed by its oum procedure.”
Hinson v. Naugher, 207 Ala. 592, 593, 93 So. 560, 561 (1922) (emphasis added). See also Ex parte Farley, 981 So.2d 392, 396 (Ala.2007) (“ ‘[T]he administration and settlement of a decedent’s estate is a single and continuous proceeding throughout, and there can be no splitting up of such administration, any more than any other cause of action ....’” (quoting McKeithen v. Rich, 204 Ala. 588, 589, 86 So. 377, 378 (1920)(emphasis added))). Additionally, in his special concurrence, Justice Bolin aptly observes the relevance of authority recognizing the in rem status of proceedings to probate a will or to set aside the probate of a will. 60 So.3d at 856-57.
The administration of the estate was initiated by the probate court when it granted Willie Jr. letters of administration. See Smith, 619 So.2d at 1376 (“[T]he mere filing of a petition for the administration of an estate does not in itself begin the administration; rather, the probate court must act upon the petition and thereby activate the proceedings, which may thereafter be subject to removal to the circuit *856 court.”). The administration of the estate was properly removed to the circuit court on December 28, 2009. The administration of the estate was a single and continuous proceeding over which the circuit court had exclusive jurisdiction, and the probate of Willie Sr.’s will could not be split from the action. See Hinson and Farley, supra. The circuit court, therefore, erred in refusing to probate Willie Sr.’s will.

Conclusion

Based on the foregoing, to the extent it is inconsistent with this opinion, we reverse the circuit court’s March 11, 2010, order, and we remand the cause to the circuit court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and WOODALL, STUART, SMITH, PARKER, MURDOCK, and SHAW, JJ., concur.
BOLIN, J., concurs specially.