Higbie *v.* Morris.

WILLIAM  M.  HIGBIE, appellant,

*v.*

EDWARD  L.  MORRIS et al., executors of Rosetta E. Higbie,
respondents.

Testatrix devised to her granddaughter all her right, title and interest in
certain land, the land being then, and at the death of testatrix, subject to
mortgages securing two bonds of the testatrix.—*Held,* that the personal prop-
erty of testatrix was not discharged from its primary liability as a fund for
the payment of these bonds in exoneration of the mortgaged premises.—*Held,*
also, that the residuary real estate was not chargeable with these debts in
exoneration of the mortgaged premises, there being in the will no evidence
of an intention that it should be so charged.

On appeal from a decree advised by Vice-Chancellor Green,
who delivered the following opinion :

The cause was heard on bill and answer.

Mrs. Rosetta E. Higbie, late of Cranford, died April 11th,
1892, leaving a last will and testament, dated November 10th,
1888, which was duly proved before the surrogate of Union
county, by the complainants, the executors therein named.   She
died seized of a tract of land in Plainfield, subject to two mort-
gages given by her, one to secure the payment of $1,500 and
interest, and also the other of $300 and interest, and also a tract
of land in Cranford, subject to a mortgage given by her to secure
the payment of $2,500 and interest.

After several legacies of specific articles and money, the will
provides :

" The foregoing money bequests are to be paid without interest and entirely
from money or negotiable securities belonging to my estate at the time of my
death, after the payment of all my just debts and funeral expenses; and if,
after such payments, there shall not be sufficient residue to pay said money
legacies in full, then, in that event, they are to abate *pro rata.*   I give, devise
and bequeath unto my granddaughter, Mary L. Higbie, all my right, title and

interest in and to the premises at the corner of Third and Ninth streets, in the city of Plainfield,"

New Jersey, and to her heirs and assigns forever.

"All the rest, residue and remainder of my estate, both real and personal, whatever the same may be, I give, devise and bequeath unto my grandson, William M. Higbie, to his heirs, executors, administrators and assigns forever,"

charging said residuary legacy with certain expenses as to the headstones or marble slabs marking the graves of his father and grandfather.

The executors ask instructions as to whether the mortgage debts are to be paid out of the personal estate or whether the devisees took the lands *cum onere*. There is no dispute that the general rule is that the personal estate is the primary fund for the discharge of the debts, and is to be first applied and exhausted even to the payment of debts with which the real estate is charged with mortgage. *4 Kent Com. 420; Whitehead* v. *Gibbons, 2 Stock. 230; Keene* v. *Munn, 1 C. E. Gr. 398; McLenahan* v. *McLenahan, 3 C. E. Gr. 101; Slack* v. *Emery, 3 Stew. Eq. 458.* It is true that this rule is within the control of the testator and is not applicable when his intention to the contrary is either expressed or clearly implied. That intention must be to exonerate the personality. One simply to charge the realty is not sufficient. *Whitehead* v. *Gibbons, 2 Stock. 220, 232.*

It is ingeniously argued by counsel for the residuary legatee that such intention is clearly implied from the terms of the devise of the Plainfield lands—"all my right, title and interest" —which, it was claimed, was only the equity of redemption, and that it is a devise of the lands subject to the lien of the mortgages; that to free the devise from the burden would give the devisee a right more valuable, a title more extensive and an interest of greater worth than that of the testatrix. But it has been held that a devise subject to a mortgage will not exonerate the personal estate of its primary liability to pay the mortgage debt, on the ground that the words used are only descriptive of

the property as it is, the master of the rolls, in *Serle* v. *St. Eloy, 2 P. Wms. 386,* saying that the devise of the estate subject to the encumbrance is no more than what is implied, for the testator could not do it otherwise.  *Astley* v. *Earl Tankerville, 1 Cox 82 ; Bickham* v. *Cruttwell, 3 Myl. & C. 763 ; Hawk. Wills 379 ; 3 Jarm. Wills (R. & T.) 470 ; 2 Wms. Exrs. (6 Am. ed.) 1694 ; 1 White & T. Lead. Cas.,* notes to *Duke of Ancaster* v. *Mayer (T. B. S.), 723, 752.*  The personal estate is stated by the bill to be inventoried at \$3,278.95, its true value.  This, it is to be assumed, includes the articles specifically bequeathed.

The debts other than those secured by mortgage amount to \$600.  The mortgages on the Plainfield property devised to Mary L. Higbie amount to \$1,800 and interest ; that on the Cranford property, passing under the residuary clause, to \$2,500 and interest ; the pecuniary legacies to \$300.  These last are directed to be paid out of money and negotiable securities after the payment of debts.  This means, I think, that these legacies are to be paid from such fund after debts other than those secured by mortgage have been discharged.  This is in keeping with the rule applicable to the condition of this estate.  The personal estate being inadequate to meet the debts, mortgage and unsecured, and the legacies, general and specific, how are the assets to be marshaled ?  As it does not appear how much of the inventory valuation represents the articles specifically given, I am unable to determine if there is enough money and negotiable securities to pay unsecured debts and pecuniary legacies.

Where the decedent has secured a debt by way of mortgage on the land devised, after the exhaustion of the general residuary fund, the devise of the mortgaged lands cannot call for contributions either on the general or specific legatees.  *Thomas* v. *Thomas, 2 C. E. Gr. 356 ; 2 Rop. Leg. 957 ; 3 Jarm. Wills (R. & T.) 473.*                                                    o

I am of opinion that the executors should apply the assets to the payment and discharge, first of the unsecured debts, next of the specific and pecuniary legacies, and apply the balance to the payment of the mortgages on the Plainfield property, as the specific devise has a prior claim over the residuary.

*Mr. Foster M. Voorhees,* for the appellant.

*Mr. Craig A. Marsh,* for the respondents.

The opinion of the court was delivered by

Dixon, J.

By her will, Rosetta E. Higbie, gave several bequests of specific articles and of sums of money, and then declared

"the foregoing money bequests are to be paid without interest, and entirely from money or negotiable securities belonging to my estate at the time of my death after the payment of all my just debts and funeral expenses, and if after such payment there shall not be sufficient residue to pay said money legacies in full, then in such event they are to abate *pro rata.*"

Her will then proceeded :

"I give, devise and bequeath unto my granddaughter, Mary L. Higbie, all my right, title and interest in and to the premises at the corner of Third and Ninth streets, in Plainfield, and to her heirs and assigns forever.

"All the rest, residue and remainder of my estate, both real and personal, wherever the same may be, I give, devise and bequeath unto my grandson, William M. Higbie, to his heirs, executors, administrators and assigns forever."

When the will was made and when the testatrix died, the Plainfield property was encumbered by two mortgages securing personal bonds of the testatrix.

On bill filed by the executors, the chancellor decreed that Mary L. Higbie was entitled to have these bonds paid out of the residuary estate, both personal and real. From this decree William M. Higbie appeals.

On reading this will with the sole object of discovering the mind of the testatrix, and without regard to any legal rules which may have been established for the construction of such instruments, these two purposes seem to be plainly implied—one, that her just debts should be paid out of her money and negotiable securities, the other, that her granddaughter should have not necessarily an absolute title to the Plainfield property, but the right, title and interest of the testatrix therein. When we

remember that the right, title and interest of the testatrix in the Plainfield property consisted of the fee encumbered by two of her just debts, a doubt at once arises whether she intended those debts to be included among the debts that were to be paid out of her money and negotiable securities, or intended them to remain charged upon the Plainfield property only.

The most satisfactory solution of the doubt thus engendered is found in the legal rule, that the personal estate of a testator is the primary fund for the payment of his debts, even though the debts be secured by mortgage upon his realty, and that the personalty will not be exonerated from this primary liability merely because the testator has evinced a purpose to charge his debts upon his real estate, unless he has clearly indicated an intention to discharge his personal property therefrom. *Whitehead* v. *Gibbons, 2 Stock. 230; Keene* v. *Munn, 1 C. E. Gr. 398; Shreve* v. *Shreve, 2 C. E. Gr. 487; Slack* v. *Emery, 3 Stew. Eq. 458; 3 Wms. Exrs. (R. & T.) 161, *1578.*

While therefore this will does not show that the testatrix intended that her granddaughter should have the Plainfield property discharged of the mortgage debts, it cannot be said to show that she designed to have her personal estate relieved of its legal liability as a primary fund for the payment of those debts; and consequently the residuary legatee can take only so much personal property as may be left after the mortgages are satisfied.

But with regard to the residuary real estate, a different result must be reached.

Aside from statutory provisions, executors have no power to use the lands of the testator for the payment of his debts, except so far as an intent to give them such power appears in the will. The present will gives the executors no power whatever to devote any portion of the realty to the payment of the debts secured by mortgage on the Plainfield property. There is no general direction that debts shall be paid, from which to infer a charge of the debts upon the residuary realty. Except the legal rule as to the payment of debts out of personalty, above mentioned, there is nothing to repel the implication, contained in the form of the devise to Mary L. Higbie, that she was to take the Plainfield

12

property encumbered with the mortgage debts.    As between her and the residuary devisee, the law is indifferent, and therefore this implied intention of the testatrix should prevail.

So far as the decree below subjects the residuary real estate to the payment of these debts in exoneration of the mortgaged premises, it must be reversed.

*For reversal*—DIXON, GARRISON, LIPPINCOTT, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SIMS—10.

*For affirmance*—None.