Ford v. Westervelt.

LAURA N. FORD et al.

v.

DANIEL D. WESTERVELT et al.

Personal property is liable, in the hands of executors, for the payment of debts before the satisfaction of any description of legacy. Specific legacies must yield to this payment. Lands will not be ordered to be sold to pay debts, when it appears that sufficient personalty came to the hands of the executors to enable them to make such payment.

On appeal from a decree of the orphans court of Middlesex county, which directs the sale of lands for the payment of debts.

Mary Ford Westervelt, by her will, devised a house and lot in the city of New York, then directed that the residue of her property, real and personal, should be divided between three nieces, whom she named, then made specific bequests of jewelry, furniture &c., and then, after indicating how and where she should be buried, appointed three executors, one of whom was Daniel D. Westervelt, her husband.

By a codicil to the will the devisee of the New York property was charged with the payment of $1,500 to each of the three nieces, and two savings bank deposits in New York city, one for $1,200, in the Dry Docks Savings Bank, and one for $226.30, in the Bowery Savings Bank, were bequeathed to the husband of the testatrix, and some real estate in Monmouth county, New Jersey, was devised to him. The codicil then gave the residue of the property of the testatrix, declared by it to be real estate, to her three nieces.

The will and codicil were proved before the surrogate of Middlesex county and admitted to probate, and letters testamentary were issued to two of the executors named, one of whom was Daniel D. Westervelt. The executors who took letters then inventoried the personal estate, including and enumerating therein all the specific bequests, which constituted the whole personalty except property worth something less than $10.

Later they reported to the orphans court that the two savings bank accounts in New York, which had been inventoried by them, had not come to their hands, but had been administered in New York under an ancillary administration, and had been there paid to the legatee of them, Daniel D. Westervelt, and that, in obedience to the direction of the will, that the other specific legacies should be paid at once or soon, they had delivered them, valued at $679, to the legatees to whom they were respectively to go. Also that they had paid debts enumerated, for which they should be reimbursed by sale of real estate. The court adjusted the balance due them for the debts paid and other

charges, after making allowances and disallowances, at $530.61, and ordered the sale of the lands of the residuary legatees to pay that sum. Daniel D. Westervelt admits that he has taken possession of the property in Monmouth county which was devised to him, and also that he became the ancillary administrator in New York, and collected the savings bank accounts there and paid them to himself as legatee under the will; also that he individually has paid all the debts for which the sale of lands has been ordered. None of the debts are on specialty. They are all simple contract debts.

*Mr. Alan H. Strong,* for the appellant.

*Mr. William R. Barricklo,* for the respondents.

THE ORDINARY.

The debts of the testatrix are not referred to in her will, nor are they charged upon her lands by the will or codicil. The legacies are all specific, and are not charged upon the land. It was suggested at the argument that the effect of the gift of the residue of the estate by the will in a blended mass of realty and personalty, was to charge the debts and legacies upon the realty as well as upon the personalty. I do not understand this to be the effect of the gift, for the will does not contain provision for the payment of debts; but, without deciding that question, I think that the codicil revokes the will's gift of the residue in a blended mass. It manifests an intention to dispose of the entire residue by bequeathing all the personalty and giving realty only, as residuary estate. So far as the payment of debts was concerned, she was intestate.

Personal estate is liable in the hands of the executors for the payment of debts, and the executors are required to discharge the debts thereout before they satisfy any description of legacy. There is no distinction in this respect in favor of specific legacies. *2 Wms. Ex. (R. & T. ed.) 653; Crosw. Ex. § 478; Schoul. Ex. & Adm. § 476; Shreve* v. *Shreve, 2 Stock. 391; S. C. on appeal, 2 C. E. Gr. 487; Coddington* v. *Bispham, 9 Stew. Eq. 224; S.*

Ford *v.* Westervelt.

*C. on appeal, 9 Stew. Eq. 576.* If a debt be of a character to give the specific legatee who satisfies it or contributes to its payment an equity against the real estate, that is a matter to be affirmatively urged by the legatee in the proper tribunal.

The case considered is decided at this point, for chattels given as specific legacies of the value of $679, or of value more than enough to fully pay the debts, came to the executors' hands. There was no deficiency of personal assets.

The decree appealed from will be reversed.