JOHN J. KEARNS, executor,

*v.*

MARY E. KEARNS, executrix, et al.

[Submitted June 6th, 1910. Determined June 16th, 1910.]

1. Where the thing bequeathed is by the terms of the will individuated so that it is distinguished from all others of the same kind, it is a "specific legacy," and hence a bequest of all "my household goods, cash on hand or in bank, life insurance and all other personal property of every description" was a "specific legacy" so far as the household goods, cash, and insurance were concerned, though a "general legacy" as to any other property passing by the bequest.

2. A bequest of "my stock, right, title and interest" in a certain company was a "specific legacy."

3. Where personal property other than that included in specific legacies is insufficient to pay debts to the estate, the specific legacies must abate proportionately.

On bill for instructions to executors and cross-bill.

*Mr. Ernest Watts* and *Mr. Eckard P. Budd,* for the complainant.

*Mr. Reginald Branch* and *Mr. Joseph H. Gaskill,* for the defendants.

LEAMING, V. C.

It seems entirely clear that by the second paragraph of his will testator bequeathed to his wife all of his personal property except his stock in Stuart & Peterson Company; and by the third paragraph of his will bequeathed, in trust, his stock in that company.

The bequest of "my household goods, cash on hand or in bank, life insurance and all other personal property of every description," is a specific legacy so far as the household goods, cash

and insurance are concerned; a general legacy so far as any other property passing by the bequest is concerned. The bequest of "my stock, right, title and interest in Stuart & Peterson Company," in trust, is also a specific legacy. In *Norris* v. *Executors of Thompson, 16 N. J. Eq. (1 C. E. Gr.) 218, 222,* the essential elements of a specific legacy are clearly defined. If the thing bequeathed is, by the terms of the will, individuated so that it is distinguished from all others of the same kind, it is a specific legacy. "All my household goods," "all my cash on hand or in bank," and "all my stock" are alike specific legacies. As to money in bank, see *Prendergast* v. *Walsh, 58 N. J. Eq. (13 Dick.) 149.* The rule as defined by *Norris* v. *Executors of Thompson, supra,* has since been repeatedly approved in both this court and the court of errors and appeals.

I do not think that this court should assume to adjudicate the title to the bonds, in the absence of some special reason therefor. The controversy as to whether these bonds formed a part of the estate of testator at the time of his death in no way enters into the construction of the will and is a matter which should be determined by the orphans court, unless some circumstance arises by reason of which that court is embarrassed in disposing of the question.

The property which must first be utilized by the executors in the payment of debts, is the personal property other than that already referred to as included in the specific legacies. If such property be found insufficient then the specific legacies will abate proportionately. *Harris* v. *White, 5 N. J. Law (2 South.) 422; Executor of Shreve* v. *Shreve, 10 N. J. Eq. (2 Stock.) 385; S. C., 17 N. J. Eq. (2 C. E. Gr.) 487.*

I think the cross-bill should be dismissed, without costs; and also without prejudice to a new bill, should it be found necessary for defendant to hereafter assert in this court rights touching the bonds in controversy.

I will advise a decree in conformity to the views herein expressed.