(131 So. 232)

## MAY et al. v. BURNS.

### 2 Div. 972.

Supreme Court of Alabama.

Nov. 20, 1930.

S. F. Hobbs, of Selma, for appellants.

f69

Harry W. Gamble and Mallory, Mallory & Lapsley, all of Selma, for appellee.

SAYRE, J.

The last will and testament of Edwin Kirk May, deceased, provided in presently material part as follows:

"I will to my sister, Ruth May all my interest in my father's estate.

"I will to Martha Cross all my insurance, all the cash which I may have in banks or elsewhere, either due me by notes and mortgages or otherwise."

There were specific bequests of testator's diamond ring, watch, and shotgun.

It is averred that the estate of decedent owes debts, that there is no residuary estate out of which such debts might be paid, that deceased made no specific provision in and by his will for the payment of his debts, and that prayer of the bill involving the difference between the parties and with which the court is presently concerned is that a reference be ordered "to ascertain the reasonable value of said specific devise"—thereby intending land which testator had inherited from his father—"and of each of said specific legacies or bequests as of the date of the death of the testator and that said devisee and said respective legatees be required to contribute ratably to the payment of all of the debts of said estate."

The question presented for decision is whether the disposition of testator's personal estate witnessed by his will is specific or general, there being no denial that the devise of testator's interest in his father's estate, land, is specific. If the bequests are specific, then the land devised must be decreed to contribute ratably to the payment of the remaining debts of testator's estate. Otherwise, such debts must be first satisfied out of the personal estate to the full extent such estate may be adequate to that end.

It will not be doubted that the bequests of testator's diamond ring, his watch, chain and charm, and his shotgun, were specific.

"A specific legacy is a bequest of a particular article or specific part of the testator's estate, which is so described and distinguished from all other articles or parts of the same as to be capable of being identified." Kelly v. Richardson, 100 Ala. 596, 13 So. 785, 790.

It will not be thought that testator had in mind the distinction between general and special legacies. The learned courts are not always agreed as to that. Nevertheless a definite intention must be attributed to the testator in order that the purposes of the law and, as nearly as may be consistently therewith, the purposes of the testator, may be given effect. The question is one of presumed intention—presumed from the language employed though not definitely in point.

The bequest of "all my insurance" and as well that of "all the cash that I may have in banks or elsewhere, either due me by notes and mortgages or otherwise," appear to be specific. These are gifts of specific things, funds. Prendergast v. Walsh, 58 N. J. Eq. 151, 42 A. 1049; Kearns v. Kearns, 77 N. J. Eq. 453, 76 A. 1042, 140 Am. St. Rep. 575; Towle v. Swasey, 106 Mass. 100. Persuasive to the same view are Kelly v. Richardson, 100 Ala. 584, 13 So. 785; and Maybury v. Grady, 67 Ala. 147.

70

■ It results that the realty devised to Ruth May, after the mortgage on it shall have been satisfied, must contribute ratably to the payment of debts due from the estate of testator.

We have considered the questions debated between the parties. The bill prays for a construction of the will. The demurrer was correctly overruled.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.