159 So. 830

**CATER et al. v. HOWARD et al.**

**3 Div. 118.**

Supreme Court of Alabama.

Feb. 28, 1935.

As Modified on Rehearing March 11, 1935.

Silas D. Oater and Richard T. Rives, both of Montgomery, for appellants.

Blakey, Blakey & Levin, of Montgomery, for appellees.

BROWN, Justice (after stating the facts as above).

The scope of the inquiry presented by the general demurrer for want of equity is whether or not the subject-matter of the proceeding is within the jurisdiction of the court sitting in equity, and, if so, the right of the petitioners to invoke its powers to grant the relief sought.

It is well settled that the administration of an estate is a proceeding continuous in its scope until a final settlement of the trust is accomplished, and when the administration of an estate is duly removed from the court of probate into a court of equity, the jurisdiction of the latter is full and complete to accomplish the ultimate purpose of the administration. Strange et al. v. King et al., 228 Ala. 511, 154 So. 115; Irwin v. Irwin, 227 Ala.

140, 148 So. 846; Dent et al. v. Foy et al., 206 Ala. 454, 90 So. 317; Hinson v. Naugher et al., 207 Ala. 592, 93 So. 560.

That a personal representative, the executrix in the instant case, has the right to invoke the powers of the court for the protection of the trust, the sale of property belonging to the estate for the payment of the debts, is too well settled to require the citation of authority.

The real property belonging to the estate of a decedent, covered by a mortgage executed by such decedent to secure an indebtedness contracted by him, is specifically charged with the payment of the mortgage debt, notwithstanding the right of the heirs at law or the devisees under a will disposing of such property, in a proper case, to compel contribution or exoneration out of funds primarily liable therefor; and this is so whether the real estate passes by a specific or general devise. Foster et al. v. Foster, 219 Ala. 70, 121 So. 80; May et al. v. Burns, 222 Ala. 68, 131 So. 232.

In the case at bar, the court finds from the evidence that the mortgage on the Dexter avenue property is subject to foreclosure, and if a foreclosure is permitted the property will not bring more than enough to pay the mortgage debt, and the estate and those specifically interested will suffer a loss of the whole property; but if the property is sold at private sale to the proposed purchasers, there will be saved to the estate, and the persons specifically interested in the property under the devise, several thousand dollars; that there are no funds in the hands of the executrix to discharge the mortgage, and the other property is wholly inadequate to that end.

After a careful consideration of the evidence, we concur in these conclusions.

In the light of these conditions and circumstances, the right of the devisees specifically interested in the Dexter avenue property is not an obstacle.

While it may be conceded that the property, both real and personal, not specifically devised may be charged with the payment of debts so as to relieve the property specifically devised from the burden, nevertheless property so specifically devised is not wholly relieved, and must contribute ratably to the payment of the debts. May et al. v. Burns, supra.

Under the common law, all devises of real estate owned by the testator on the date of the execution of the will were specific devises, and this rule is not modified by the statute, except as to real estate disposed of by residuary devise and real estate acquired by the testator after the execution of the will. Kelly v. Richardson, Ex'r, etc., 100 Ala. 584, 13 So. 785; Code 1923, § 10580.

In view of the terms of the decree requiring the residuum over and above the sums necessary to discharge the mortgage and the costs and expenses of the sale to be paid into the registry of the court to await the court's further orders, the question of what contribution that fund must make to pay other debts is not presented on this appeal.

The question most strenuously argued is that the unborn grandchildren who might take under item 5 of the will are not represented in this proceeding, in that all the other parties, including the grandchildren living at the time of the testator's death, are antagonistically interested. The basis of this contention seems to be that the grandchildren living at the time of the testator's death took as remaindermen with the children of the testator under item 4, and are interested in having the real estate passing by that devise cleared of the burden of discharging the mortgage debt on the Dexter avenue property.

If we correctly interpret the argument, it is founded on a misconception of the effect of item 4. There being no deceased children of the testator at the time of his death, items 3 and 4, construed together, gave the wife, Nellie B. Howard, a life estate in all of the real property with remainder to the children of the testator. The provision in item 4, "*the children of any deceased child to take the share which would have gone to the parent,*" merely provided for a contingency which did not happen; that is, the death of a child before the testator's death, leaving a child or children surviving. (Italics supplied.)

The interest of the grandchildren, whether in esse or in anticipation, will take, as a class, alike under item 5, and under the doctrine of "virtual representation" were properly before the court represented by the grandchildren in esse at the death of the testator and are bound by the decree. Elmore v. Galligher, 205 Ala. 230, 87 So. 349; Rutledge v. Fishburne, 66 S. C. 155, 44 S. E. 564, 97 Am. St. Rep. 757, and notes pages 762–768; 20 R. C. L. 672, § 11.

The interest of the executory devisees followed the residuum of the proceeds with the right to compel contribution or exoneration from the general estate, or ratable contribution from other property specifically de-

vised. May et al. v. Burns, supra; Note 97 Am. St. Rep. 766.

The decree of the circuit court in all respects is free from error, and is due to be affirmed. It is so ordered by this court.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

**On Rehearing.**

BROWN, Justice.

The appellants in their application for rehearing call attention to a discrepancy between the decree of the circuit court and the register's report in respect to the amount due on the mortgage debt to Hudson & Thompson and the Alabama National Bank. The report ascertains the amount to be $50,372.41, while the decree recites the amount to be $54,-052.36. Appellees concede that this is an error apparent on the record; that the statement of the indebtedness in the register's report is correct.

The judgment here is modified, the decree of the circuit court is affirmed as to all matters except the ascertainment of the amount due on said mortgage, as to which the decree is, reopened, and the cause is remanded to the circuit court to take such steps as may be necessary to correct said error.

Decree of affirmance modified, and the cause remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.