This is a suit to construe a will and to enforce the payment of certain legacies made by testatrix to complainants. The will of testatrix, after providing for the payment of debts and funeral expenses, by paragraphs second to sixth inclusive, made bequests of various sums of cash to respective complainants. *Page 509 
Immediately following these paragraphs, the will provided: "All the aforementioned bequests to be paid by my executor hereinafter named out of an existing bank account held in my name in the Rutherford National Bank, East Rutherford Branch."
In paragraph seventh of the will, the remainder of the residuary estate was left to testatrix' husband. The amount at the time of testatrix' death on deposit in the Rutherford National Bank is less than the aggregate of the bequests under paragraph second to sixth of the will, and in fact the personal estate is insufficient to pay the bequests in full. Testatrix, however, owned some real estate and complainants are before the court for a decree directing that sufficient of the real estate be sold to make up the balance of the bequests to them.
It is contended on behalf of the complainants that the bequests to them are general and chargeable to the entire estate. The defendants, the excutor and the husband, contend on the other hand that the paragraph above quoted limits the payment of the legacies to complainants to the amount in the fund specified in the paragraph. In my opinion the latter contention is correct.
The rule of law applicable is that laid down in Wyckoff v.Perrine's Executors, 37 N.J. Eq. 118. Here Vice-Chancellor Van Fleet said:
"In deciding whether a legacy is specific or general, the intention of the testator must control, as it must the decision of every other question involving the construction of wills. There is no technical arbitrary rule requiring the use of particular words or expressions to make a bequest specific. * * * The words of exclusion must, I think, be regarded as furnishing an almost infallible test of the meaning of the testator."
This rule was decided and followed in the case In re Low,103 N.J. Eq. 435. Here the court says:
"The fundamental distinction between general and specific legacies is that the former may be satisfied out of the general assets of the testator's estate without regard to any particular fund, thing, or things, while the latter are gifts of particular *Page 510 
specified things, or of the proceeds of the sale of such things, or of a specific fund or a definite portion thereof. Thompson onWills, 139, p. 121."
The will specifically provides that these bequests shall be paid out of a certain specified existing bank account. Unless this was intended as a limitation of the fund out of which payment was to be made, this language of the will would be without meaning. The contention of the complainants would require that this clause be considered an utter nullity. I think it is plain from the language used that testatrix intended that the sole source out of which the bequests were made should be the bank account specified in the will.
A decree will be advised dismissing the bill.