The main issue in this suit was passed upon in the opinion heretofore filed, which is reported in 124 N.J. Eq. 508. On the settlement of the decree, certain subsidiary matters were brought before the court which were not expressly passed upon in the opinion. It is now contended on behalf of the complainants that the costs of suit, allowance of counsel fees to the successful parties, and executor's commission should not be paid out of the cash on deposit, from which it was decided herein that the specific bequests were solely payable, *Page 296 
but that they should be charged against the residuary estate consisting of real estate which was left to the defendant Tema, the husband of the decedent. There is no warrant in law for this contention. The fact that the bequest to complainants was held to be specific and payable out of a particular fund which is insufficient to pay the bequest does not alter the situation. Funeral expenses, debts and expenses of administration are in the first instance payable out of personal property and not from the real estate unless express provision to the contrary appears from the will itself.
In Ford v. Westervelt, 55 N.J. Eq. 485, the court said:
"Personal estate is liable in the hands of the executors for the payment of debts, and the executors are required to discharge the debts thereout before they satisfy any description of legacy. There is no distinction in this respect in favor of specific legacies. 2 Wms. Ex. (N. T. Ed.) 653; Crosw. Ex. § 478;Schoul. Ex. Adm. § 476; Shreve v. Shreve, 2 Stock. 391; S.C.on Appeal, 2 C.E. Gr. 487; Coddington v. Bispham, 9 Stew. Eq.224, S.C. on Appeal, 9 Stew. Eq. 576."
 Kearns v. Kearns, 77 N.J. Eq. 453, holds that specific legacies must abate proportionately when the personal property in the hands of the executors other than that included in the specific legacies is insufficient to pay debts.
In Higbie v. Morris, 53 N.J. Eq. 173, 176, the court says:
"Aside from statutory provisions, executors have no power to use the lands of the testator for the payment of his debts, except so far as an intent to give them such power appears in the will."
The executor has filed his account and all the parties interested being before the court and their respective rights all having been determined, it is proper that the decree should provide for the distribution of the personal property to the persons entitled thereto, namely, by the payment to complainants of their respective pro rata share of the bank account out of which the specific legacies are payable, after the payment of the funeral expenses, debts, executor's fees and suitable allowances to the counsel for the successful defendants. *Page 297