**Lucia Y. GRANT and Alfred A. Grant, as Executors of the Estate of J. A. Grant, Jr., Deceased, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 3317-N.

United States District Court, M. D. Alabama, N. D.

Nov. 30, 1971.

## MEMORANDUM OPINION

VARNER, District Judge.

This is a civil action seeking the recovery of estate taxes assessed by the Internal Revenue in the amount of $23,491.77. Plaintiffs are the duly appointed executors of the estate of J. A. Grant, Jr., deceased, and are residents of the Middle District of Alabama. The existence of all necessary jurisdictional facts is admitted by the parties.

By agreement by and between the parties this case is submitted upon the pleadings, a stipulation of facts and briefs. Under the stipulation of facts,

filed herein September 2, 1971, the facts giving rise to this action are substantially as follows:

J. A. Grant, Jr., died on February 4, 1968, and was at the time of his death legally domiciled at Comer, in Barbour County, Alabama. The deceased left a Will and codicil thereto (the codicil is not relevant to this action), and the Plaintiffs are the duly appointed and acting executors of the estate of J. A. Grant, Jr.

The pertinent provisions of the testator's Will are Items 2, 3 and 4. Item 2 states:

"I give and bequeath to my beloved wife, Lucia Y. Grant, all personal property of every kind which I may own, and to which I may be entitled, at my death. This property includes, but is not limited to, cash in bank in my own name, or in a joint account with anyone else, or deposited in a firm name, stocks and bonds, whether in my name alone, or in my name with others, or in any firm name; all accounts, mortgages, and notes payable to me individually, and to me with others jointly, or to a firm in which I am interested; all interest I have in all kinds of livestock which may be a joint interest, or an individual interest."

Items 3 and 4 provide that the widow receive all real property for life, with the remainder passing jointly to the testator's four nephews. There was no residuary clause in the Will.

An estate tax return was timely filed with payment of $41,373.00, including a credit for state taxes. All personal property, except $700.00 in burial insurance, was included in the marital deduction, there being a net marital deduction of $151,266.55.

The Internal Revenue Service audited the return increasing the property appraisal from $225,105.00 to $262,930.83 and adjusting the taxable estate from $168,909.00 to $276,615.47. The Internal Revenue computed the estate tax to be $73,684.64 and deducted that amount from the adjusted marital deduction, reducing the deduction from $155,095.00 to $81,410.36. A deficiency was then asserted which, after adjustments, amounted to $28,516.54, including a credit for state tax and interest. This amount was paid under protest and a claim for refund was timely filed.

Final determination of this case evolves from two issues:

1. Whether any portion of the estate tax should have been charged against that portion of the estate passing to the surviving spouse under Item 2 of the Will of J. A. Grant, Jr., deceased; and, if so,

2. Whether the second sentence of Item 2 of said Will constitutes a specific or general bequest to the surviving spouse of the properties falling within the descriptive clauses of said sentence of said Will.

## ESTATE TAX ON WIDOW'S BEQUEST

As to the first issue, Plaintiffs contend that under the laws of Alabama a legacy to the widow, in lieu of dower and distributive share, is exempted from the general rules of abatement and preferred over all other gratuitous legacies, whether specific or general, and, therefore, is not chargeable with estate taxes until other assets of the estate have been exhausted.

The United States argues that under the laws of Alabama, since there is no residuary clause in the Will, bequests of personalty must bear the burden of the estate tax before those of realty, and that the widow's share of personalty is not exempt.

It is well settled, and the parties agree, that the portion of a decedent's estate which must bear the burden of federal estate taxes is to be determined by state law. Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106 (1942); Cox v. United States, 421 F.2d 576 (5th Cir. 1970).

Under Alabama law the burden of estate taxes is placed first upon the

general estate as a charge against the residue thereof. Title 51, § 449, Code of Alabama (Recomp. 1959). If the residue is insufficient or, as in the present case, there is no residuary clause provided in a Will, Alabama law follows the traditional order of abatement—first general legacies, then specific legacies and devises. First National Bank of B'ham v. United States, 328 F.Supp. 1339 (1971); Austin v. Pepperman, 278 Ala. 551, 179 So.2d 299 (1965). However, Alabama has further established an exception to this rule as to the widow of the decedent, holding in Steele v. Steele's Administrator, 64 Ala. 438 (1879), that the widow, being a purchaser for value by relinquishing her right to dissent, is accorded a priority over all other legatees and devisees, coming immediately behind the claims of creditors. This priority is in line with weight of authority in most other states, see Anno. 2 A.L.R.2d 607, 610, and has been restated by Judge Pointer in the Northern District of Alabama, First National Bank of B'ham v. United States, supra, citing Cox v. United States, supra.

The government argues that this exception is not applicable where, as in the present case, the wife's legacy consists of personalty and the other legacies are realty; that all personalty must abate before realty without exception for the widow's share. The government, in this respect, contends that the Steele case must be taken in conjunction with the case of Cater v. Howard, 230 Ala. 133, 159 So. 830 (1935). The Cater case involved a sale of real estate to satisfy a mortgage debt of the testator, such debts, preexisting the death of the testator are not analogous to estate taxes, charged after death, and the Cater case is not, therefore, appropriate to the parent issue. See Cox v. United States, supra. The Cater decision does not reach the question of the widow's preference under Alabama law and does not mention any relation to the Steele case; it, therefore, cannot be said to overrule or qualify Steele. The Steele case is controlling and by its use of the terms "all

other legatees *and devisees*" (emphasis added) does not distinguish the widow's priority merely to personal property. See Anno. 2 A.L.R.2d 607, 617. Acceptance of the Government's position would place a premium on a widow's dissenting from her husband's will which provides for her in strict accordance with the homestead and dower law.

The government seeks to vitiate the effect of First National Bank of B'ham v. United States, supra, by stating that it will probably be appealed. This Court agrees with the rationale of that Court and will follow the Northern District opinion until such time, if any, as it is reversed.

Finally, the government contends that in the present case charging estate taxes against the widow's share will not diminish the amount available for her support below the minimum amount prescribed had she taken her statutory rights. As Judge Pointer recites in note 9, page 1342, to his decision in First National Bank of B'ham v. United States, supra, such argument should fail. "[T]he theory of consideration is but a rationalization for the rule of construction and does not require the matching of benefits, as is indicated by cases in other states which hold that her (the widow's) priority should not be affected on account of her testamentary rights exceeding her dissent rights." See Anno., 2 A.L.R.2d 607, 621.

In the present case the assets of the estate besides those bequeathed to the widow are sufficient to pay the estate taxes charged. Therefore, under the law of Alabama, as presently interpreted by this Court, the gifts to the widow are not chargeable with estate taxes. First National Bank of B'ham. v. United States, supra; Cox v. United States, supra.

In light of the Court's opinion as to the first issue, the second issue raised by this case, questioning the nature of the bequest to the widow, is not raised and, therefore, will not be discussed. Cases appearing to be informative, if

not controlling, on that subject are Kelly v. Richardson, 100 Ala. 584, 13 So. 785; Myers Ex'rs. v. Myers, 33 Ala. 85; May v. Burns, 222 Ala. 68, 131 So. 232; Gruner's Est., 29 Pa.Dist. 1095; Kearns v. Kearns, 77 N.J.Eq. 453, 76 A. 1042.

In accordance with this opinion and the stipulation of the parties (paragraph 18) a recomputation of estate taxes will be hereafter prepared by the Internal Revenue Service and within a reasonable time be submitted to the plaintiff. If the parties are unable to reach an agreement concerning the proper amount of judgment to be entered, their differences will hereafter be submitted to this Court for resolution.